DWYER *v.* UNEMPLOYMENT COMPENSATION COMMISSION.

1. UNEMPLOYMENT COMPENSATION—BENEFITS—EMPLOYMENT DURING BASE PERIOD.

 An employee who earned wages during two calendar quarters of his so-called base period is entitled to additional benefits under the unemployment compensation act provided he meets the other conditions for eligibility (Act No. 1, § 27 [b, d], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 335, Pub. Acts 1945; § 45, as amended by Act No. 324, Pub. Acts 1939; § 46, as amended by Act No. 364, Pub. Acts 1941; § 47, as amended by Act No. 347, Pub. Acts 1937).

2. SAME—FINDING AS TO ELIGIBILITY OF CLAIMANT FOR BENEFITS— POWERS OF COMMISSION.

 In making a finding as to a claimant's eligibility for benefits under the unemployment compensation act, the commission is not bound to consider only the testimony and other evidence introduced before it by the parties to the controversy but may, upon its own motion, issue subpoenas and compel any person to attend and testify before it with reference to any matter within the scope of its inquiry or investigation (Act No. 1, § 9, Pub. Acts 1936 [Ex. Sess.]; § 28, as amended by Act No. 9, Pub. Acts 1944 [1st Ex. Sess.]; §§ 33, 34, as amended by Act No. 364, Pub. Acts·1941).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5-9] 48 Am. Jur., Social Security, Unemployment Insurance, and Retirement Funds, §§ 34, 35.

[1-10] Judicial questions regarding social security legislation. 100 A.L.R. 697; 106 A.L.R. 243; 108 A.L.R. 613; 109 A.L.R. 1346; 118 A.L.R. 1220; and 121 A.L.R. 1002.

[2] 48 Am. Jur., Social Security, Unemployment Insurance, and Retirement Funds, §§ 43, 44.

[4] 48 Am. Jur., Social Security, Unemployment Insurance, and Retirement Funds, § 10.

[5-9] Availability for work, circumstances of leaving employment, or nature of excuse for refusing re-employment, as affecting right to social security or unemployment compensation. 158 A.L.R. 396; and 165 A.L.R. 1382.

**3. SAME—ELGIBILITY—BURDEN OF PROOF—EVIDENCE.**

A claimant for benefits under the unemployment compensation act has the burden of proof of showing his eligibility for benefits to the extent that he must have sufficient proofs offered in his behalf to establish that he meets the conditions of eligibility (Act No. 1, § 9, Pub. Acts 1936 [Ex. Sess.]; § 28, as amended by Act No. 9, Pub. Acts 1944 [1st Ex. Sess.]; §§ 33, 34, as amended by Act No. 364, Pub. Acts 1941).

**4. SAME—PURPOSE OF THE ACT.**

The purpose of the unemployment compensation act is to provide protection against the evils incident to involuntary unemployment so as to foster social and economic security for the people of the State by providing benefits to those genuinely attached to the labor market who are unemployed through no fault of their own and who are willing, anxious, and ready to obtain employment so that they may support themselves and their families (Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended).

**5. SAME—ELIGIBILITY—AVAILABILITY FOR WORK—PURPOSE OF REQUIREMENT.**

The basic purpose of the requirement that a claimant for benefits under the unemployment compensation act must be available for work to be eligible for benefits is to provide a test by which it can be determined whether or not the claimant is actually and currently attached to the labor market (Act No. 1, § 28 [c], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 9, Pub. Acts 1944 [1st Ex. Sess.]).

**6. SAME—AVAILABILITY FOR WORK.**

To be available for work within the meaning of the unemployment compensation act, the claimant must be desirous to obtain employment, and must be willing and ready to work (Act No. 1, § 28 [c], Pub. Acts 1936 [Ex Sess.], as amended by Act No. 9, Pub. Acts 1944 [1st Ex. Sess.]).

**7. SAME—AVAILABILITY FOR WORK.**

Under the unemployment compensation act, one may not be regarded as exposed unequivocally to the labor market unless willing and able to accept employment that he is qualified to perform (Act No. 1, § 28 [c], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 9, Pub. Acts 1944 [1st Ex. Sess.]).

**8. SAME—AVAILABILITY FOR WORK—NATURE OF TEST—EVIDENCE.**

The test of availability for work under the unemployment compensation act being subjective in nature, consideration of evi-

dence as to efforts which claimant had made on his own behalf to obtain work would be proper in determining claimant's eligibility for benefits (Act No. 1, § 28 [c], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 9, Pub. Acts 1944 [1st Ex. Sess.]).

9. SAME—AVAILABILITY FOR WORK—EVIDENCE.

Where claimant had received a life pension at half-pay after 25 years' service as a patrolman for city, was then employed by defendant corporation, engaged in war work, as a plant guard, laid off after cessation of hostilities and, during period of 19 months of unemployment, only sought employment 3 or 4 times, the appeal board of the unemployment compensation commission was justified in holding he had not made a reasonable attempt to keep himself in the labor market, was not available for work and not eligible for benefits under the unemployment compensation act (Act No. 1, § 28 [c], Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 9, Pub. Acts 1944 [1st Ex. Sess.]).

Per BUSHNELL, C. J., and BOYLES, DETHMERS, BUTZEL, and CARR, JJ.

10. COSTS—PUBLIC QUESTION—CONSTRUCTION OF UNEMPLOYMENT COMPENSATION ACT.

No costs to either party are allowed in case involving construction of unemployment compensation act, a public question being involved (Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 15, 1948. (Docket No. 52, Calendar No. 43,931.) Decided May 18, 1948.

Certiorari by John Dwyer to review an order of the Appeal Board of the Michigan Unemployment Compensation Commission denying compensation to plaintiff. Judgment for plaintiff. Defendant Packard Motor Car Company appeals. Reversed.

*Ernest Goodman,* for plaintiff.

*Bodman, Longley, Bogle, Middleton & Armstrong* (*Grant E. Armstrong,* and *Alfred C. Wortley, Jr.,*

of counsel), for defendant Packard Motor Car Company.

*Beaumont, Smith & Harris,* for Michigan Manufacturers' Unemployment Compensation Bureau, Inc., *amicus curiae.*

Butzel, J.   This case involves a claim for benefits under the Michigan unemployment compensation act.* The essential facts are undisputed. Plaintiff and appellee, John Dwyer, voluntarily retired from the Detroit police department in September, 1944, after 25 years' service as a patrolman. He is receiving a life pension of half-pay from that organization, is 50 years of age, and in good health. On October 3, 1944, shortly after retiring from the police force, he took employment with the Packard Motor Car Company, defendant and appellant, as a plant guard, and continued in its employment until September 9, 1945, when he was laid off because the employer found it necessary to reduce its work force, the cessation of hostilities of World War II having brought an end to the war work in which it had been engaged. After being laid off, plaintiff applied for and was paid unemployment benefits under the act in the amount of $390. His right to those benefits is not questioned. Plaintiff has not been recalled to work by defendant because he lacks sufficient seniority to entitle him to a job in its peace-time organization. He did not secure employment elsewhere up to the time this case was heard below by the appeal board of the unemployment compensation commission, and at that time he had been unem-

---

* Act No. 1, Pub. Acts 1936 (Ex. Sess.), as amended by Act No. 347, Pub. Acts 1937, Act No. 324, Pub. Acts 1939, Act No. 364, Pub. Acts 1941, Act No. 18, Pub. Acts 1942 (2d Ex. Sess.), Act No. 246 Pub. Acts 1943, Act No. 9, Pub. Acts 1944 (1st Ex. Sess.), Acts Nos. 307, 335, Pub. Acts 1945 (Comp. Laws Supp. 1940, 1945, §§ 8485-41–8485-109, Stat. Ann. 1945 Cum. Supp. §§ 17.501–17.566).

ployed for a period of 19 months. During this period it appears that plaintiff has sought employment only three or four times, although he registered and reported for work at an employment office as required by the act and the regulations of the commission. He has not sought employment from others in police work, for which he is qualified by reason of his 25 years of experience, because as he stated he did not wish to compete with returning veterans and he felt that the field was too crowded with applicants. In his testimony before the appeal board he stated that he is qualified to do painting and decorating work, but that he made no effort to obtain such work, although he contemplated entering into that business with his son when the latter returned from service in the armed forces.

Plaintiff's claim is for benefits for a second "benefit year," and is based upon his continued unemployment after July 1, 1946. Under the act as it read before amendment by Act No. 360, Pub. Acts 1947, plaintiff's first "benefit year" covered the period from July 1, 1945, to June 30, 1946, and the "base period" of employment, earnings during which determined the maximum amount of benefits payable to him for this "benefit year." extended from April 1, 1944, to March 31, 1945. Plaintiff's second "benefit year" covers the period from July 1, 1946, to June 30, 1947, and the "base period" for this "benefit year" extends from April 1, 1945, to March 31, 1946. Since plaintiff earned wages during two calendar quarters of this "base period," he is entitled to additional benefits under the act, provided he meets the other conditions for eligibility. (For definitions of the terms "base period," "benefit year," and "calendar quarter" as used in the act, see sections 45, 46 and 47 thereof; and see sections 27(b) and 27(d) as to amount of benefits payable to eligible individuals.)

The claims' examiner of the unemployment compensation commission determined in the first instance that plaintiff was eligible for benefits as claimed. An appeal was taken by the defendant to a referee appointed by the commission, who, after a hearing, affirmed the determination of the claims' examiner. Defendants then appealed to the commission's appeal board, which, after a further hearing, reversed the decision of the referee and held that claimant was not eligible for benefits. Plaintiff then took the case to the circuit court for the county of Wayne on writ of certiorari, which court reversed the appeal board and entered a judgment in favor of plaintiff.

The principal question before us is aptly phrased in the opinion of the appeal board as follows:

"The only issue in this case is with respect to claimant's availability for full-time work under the provisions of that part of section 28 (c) of the Michigan unemployment compensation act which reads as follows:

" 'Sec. 28. Benefit eligibility conditions. An unemployed individual shall be eligible to receive benefits with respect to any week only if the commission finds that:  *  *  *  (c) He is able to perform full-time work of a character which he is qualified to perform by past experience or training, and of a character generally similar to work for which he has previously received wages, and he is available for such work, full-time, either at a locality at which he earned wages for insured work during his base period or at a locality where it is found by the commission that such work is available.' "

The appeal board reasoned that the public policy which the unemployment compensation act was designed to carry into effect is to provide benefits for persons who are unemployed through no fault of their own, and that "the requirement that an

individual, to qualify for benefits, must be available for full-time work, was obviously made a part of the statute in order to prevent individuals who do not want to work and who are not in fact in the labor market from receiving benefits." Placing this interpretation upon the word "available" as used in section 28 (c) of the act, the majority of the appeal board reached the following conclusion:

"Benefits should be paid where it appears that the claimant has made a bona fide, reasonable attempt to keep himself in the labor market, and withheld when it appears from the proofs that such attempt is lacking. What is a bona fide, reasonable attempt must necessarily be judged by the facts and circumstances in a given case. No hard and fast rule can be laid down in this respect, but it must be kept in mind   *   *   *   that the burden of proof as to claimant's availability for full-time work in any case rests with the claimant and does not shift."

The circuit judge took issue with this interpretation of the word "available" as used in section 28 (c), and in his opinion said:

"The appeal board interprets availability to mean that the claimant not only must register and report, but must be continually seeking employment. I do not think that availability can be given that meaning."

Evidently other circuit judges have come to a contrary conclusion.* Thus, the primary question raised involves a problem of statutory interpretation: What is the meaning of the word "available" as it is used in section 28 (c) of the act?

Another issue was referred to by the appeal board. Section 28 (a) provides that an unemployed individual shall be eligible for benefits only if "he

---

* See page 2 of annual report for 1947 of the appeal board of Michigan unemployment compensation commission.

has registered for work at and thereafter has continued to report at an employment office in accordance with such regulations as the commission may prescribe." The plaintiff in the instant case fulfilled this requirement, and it is contended that by registering and reporting he fulfilled the requirement as to "availability" in section 28 (c). The appeal board answered this contention in the negative, taking the position that registering and reporting only fulfills the requirements of section 28 (a), "which is only one of the benefit eligibility conditions," and does not fulfill the separate eligibility conditions contained in section 28 (c). The board reached the conclusion that compliance with section 28 (a) is not, *ipso facto,* a compliance with section 28 (c), and that a claimant is required to do more than register and report to establish that he is eligible for benefits. Plaintiff points to the fact that by Act No. 360, Pub. Acts 1947, the legislature amended section 28 (a) to make it a condition of eligibility that an unemployed individual must not only register and report at the commission's employment office, but also must be "seeking work." He argues that this amendment indicates an intention by the legislature to change the meaning of the section, and that the only change in meaning which could have been intended was to impose a new requirement upon the right of an unemployed worker to benefits, the requirement that he personally seek work. The trial judge gave credence to this argument in his opinion, where he said:

"The legislature in 1947 amended section 28 (a) to provide that a claimant must not only register and report, but that he must also seek employment. If it was their intention that availability mentioned in section 28 (c) required the claimant to seek employment there would have been no necessity for the amendment."

Plaintiff also argues that the appeal board was in error in applying the legal principle of "burden of proof" to his case, and that to require a claimant under the act to be aware of the legal requirements involved in the burden of proof concept would be destructive of the rights which the act was intended to safeguard and protect. We shall discuss this issue first, and then the others in inverse order to that in which they are presented above.

Section 28 provides that an unemployed individual shall be eligible for benefits "only if the commission finds" that he meets the conditions of eligibility. In making such a finding, the commission is not bound to consider only the testimony and other evidence introduced before it by the parties to the controversy. It may, under the provisions of section 9 of the act, upon its own motion, issue subpoenas and compel any person to attend and testify before it with reference to any matter within the scope of its inquiry or investigation. In section 33 it is provided that an appeal from a determination of the commission must be granted upon the request of any interested party, and that a referee appointed to hear and decide such appeal may affirm, modify, set aside or reverse the determination only after affording the parties reasonable opportunity for a fair hearing. Section 34 provides for a further appeal to the appeal board of the commission, which board has discretion to require the submission of additional evidence which it feels is necessary to a decision of the case. Thus, a claimant is assured an opportunity to present all evidence which is favorable to his claim, and a further safeguard of his rights is provided by the power given to the commission to make a full investigation. When the case has thus been submitted, it must stand on its own feet, and, if the claim is to be allowed, there must be sufficient evidence before the

commission to enable it to find that the claimant meets the requirements of eligibility for benefits. In the last analysis, therefore, to prevail, the claimant must have sufficient proofs offered in his behalf to establish that he meets the conditions of eligibility. To this extent he has the burden of proof.

With respect to the contention that the mere filing of a claim for benefits and thereafter registering and reporting for work at an employment office establishes that the claimant is "available" for work, we think it is significant that the statute contains separate provisions as to such registering and reporting and as to availability for work. As we read section 28, the commission must find (a) that the claimant has registered for work and has continued to report to its employment office during his period of unemployment, and (b) that the claimant is able to work and is available for work. It must also make other specific findings, not material to this case, under the same section of the act. The "availability" requirement is distinct from the requirement that the claimant register and report. We do not feel that the amendment to section 28 (a) by Act No. 360, Pub. Acts 1947, indicates a legislative intent to change the law, but rather that the amendment was enacted for the purpose of clarifying existing legislative intent. The law on this question was fully discussed in the minority opinion in *Packard Motor Car Co.* v. *Michigan Unemployment Compensation Comm.*, 320 Mich. 358. It would serve no useful purpose to again set forth the authorities therein cited. As two of the justices only concurred in the result in that case, no positive rule of law was laid down. In the instant case, in view of the differences of the opinions theretofore expressed, the law required an amendment either to clarify it or to change it. We are only called upon to decide what the law meant prior to the amendment of 1947.

We now come to the most important question of the case: What is the meaning of the word "available" as it is used in section 28 (c) of the act? In section 2 of the act, the legislature declared:

*"Involuntary* unemployment is a subject of general interest and concern which requires action by the legislature to prevent its spread and to lighten its burdens which so often falls with crushing force upon the unemployed worker and his family, to the detriment of the welfare of the people of this State. Social security requires protection against *this hazard* of our economic life." (Emphasis supplied.)

In view of this declaration of public policy, it is evident that the purpose of the unemployment compensation act is to provide protection against the evils incident to involuntary unemployment, and thus, to foster social and economic security for the people of our State. The act is intended to provide benefits for those who are unemployed through no fault of their own, who are willing, anxious, and ready to obtain employment so that they may support themselves and their families. It is intended to benefit persons who are genuinely attached to the labor market, and who are unemployed because of conditions therein over which they have no control. All of the provisions of the act must be read and construed with this public policy in mind.

The basic purpose of the requirement that a claimant must be available for work to be eligible for benefits is to provide a test by which it can be determined whether or not the claimant is actually and currently attached to the labor market. To be available for work within the meaning of the act, the claimant must be genuinely attached to the labor market, *i. e.,* he must be desirous to obtain employment, and must be willing and ready to work. Such

is the rule in other jurisdictions. See *Reger* v. *Administrator, Unemployment Compensation Act,* 132 Conn. 647 (46 Atl. [2d] 844); *Hunter* v. *Miller,* 148 Neb. 402 (27 N. W. [2d] 638). And see, also, *Ford Motor Co.* v. *Unemployment Compensation Comm.,* 316 Mich. 468, in which we held that a claimant who limited her availability for employment to work on a specific shift was not eligible for benefits, saying, "One may not be regarded as exposed unequivocally to the labor market unless willing and able to accept employment that he is qualified to perform."

The test suggested is subjective in nature. Whether or not a claimant is in fact available for work depends to a great extent upon his mental attitude, *i. e.,* whether he wants to go to work or is content to remain idle. Indicative of such mental attitude is evidence as to efforts which the person has made in his own behalf to obtain work. A person who is genuinely attached to the labor market and desires employment will make a reasonable attempt to find work, and will not wait for a job to seek him out. It is proper for the commission to take such evidence into consideration in determining whether or not a person is eligible for benefits.

In the instant case, the plaintiff sought work only three or four times during his long period of unemployment. Upon such a showing, the appeal board was justified in holding that plaintiff had not made a reasonable attempt to keep himself in the labor market and, consequently, was not available for work and not eligible for benefits.

The judgment of the court below holding plaintiff entitled to unemployment compensation is reversed, without costs to either party, a public question being involved. The case will be remanded to the cir-

cuit court to enter judgment affirming the award of the appeal board.

BUSHNELL, C. J., and CARR, J., concurred with BUTZEL, J.

NORTH, J. (*concurring*).   Lest through misunderstanding it be inferred that the conclusion of certain justices in the instant case is not in harmony with the position taken by them in *Packard Motor Car Co. v. Unemployment Compensation Commission,* 320 Mich. 358, I think the following should be noted.

Certainly it never was the policy or intent of the legislature in passing the unemployment compensation act to benefit malingerers; and in that respect, as Mr. Justice BUTZEL has written, the scope or meaning of the act was in no way changed when by Act No. 360, Pub. Acts 1947, there was added to section 28 (a) the words "and is seeking work." Hence, this change was but a clarification of the previous intent and meaning of the statutory provision as theretofore worded.

A very different situation prevailed as to the amended portion of section 29 (e) of the act, which prior to the 1947 amendment read: "An individual shall be disqualified for benefits:  *  *  *  When it is found by the commission that total or partial unemployment is due to pregnancy." As pointed out in *Packard Motor Car Co. v. Unemployment Compensation Commission, supra,* in construing the quoted provision the commission prescribed or made the following ruling:

" 'This disqualification shall begin on the first day of unemployment due to pregnancy and shall end when the individual is no longer pregnant and can establish that she meets all eligibility requirements.' "

The commission had the statutory right and duty to .construe the quoted provision in section 29 (e). Act No. 1, § 4, Pub. Acts 1936 (Ex. Sess.), as amended by Act No. 360, Pub. Acts 1947. Prior to the 1947 amendment section ·29 (e) of the act was clearly ambiguous. There was nothing in the construction placed upon it by the commission which was in conflict with the intent and purpose of the unemployment compensation act. Until amended in 1947 this provision of the statute as construed by the commission was the law. But when the legislature by the 1947 amendment prefaced section 29 (e) with the words: "For the duration of her unemployment," it clearly changed the theretofore legally-construed meaning of the statute. Hence, as to section 29 (e) the 1947 amendment was not merely a clarification, but instead a modification of that portion of the unemployment compensation act. Mr. Justice SHARPE so wrote in *Packard Motor Car Co.* v. *Unemployment Compensation Comm., supra.*

For the reason above noted there is no conflict between the opinion of Mr. Justice SHARPE in the *Packard Motor Car Co. Case, supra,* and our holding in the instant case. I concur in the result reached by Mr. Justice BUTZEL.

SHARPE and REID, JJ., concurred with NORTH, J.

BOYLES, J. (*concurring*). I concur in the opinion of Mr. Justice BUTZEL except as stated herein, and for the reasons stated herein.

In *Packard Motor Car Co.* v. *Unemployment Compensation Comm.,* 320 Mich. 358, two members of this Court joined with Mr. Justice SHARPE in holding that Act No. 360, Pub. Acts 1947 (Stat. Ann. 1947 Cum. Supp. § 17.531), was intended to *change* the previous meaning of section *29* of the unemployment compensation act as regards the length of time

an individual was disqualified from benefits when her unemployment was due to pregnancy.

In the same case Mr. Justice BUTZEL wrote that said Act No. 360 was merely intended to *clarify* the previous meaning of said section 29 in the above regard and the meaning was not changed thereby. Only two members of this Court joined Mr. Justice BUTZEL in his opinion.

I felt that the question before us for decision was the construction of section 29 of the act as regards the duration of the disqualification from benefits due to pregnancy, as it stood prior to the 1947 amendment, and that it mattered not whether the 1947 legislature intended to change the law or merely to clarify it. Why put the cart before the horse?

I concurred in the result reached by Mr. Justice SHARPE because I felt that he had properly construed section 29 as it read before the 1947 amendment, thereby following the construction adopted by the unemployment compensation commission. Mr. Justice DETHMERS joined in this view. The divergence of opinion between Mr. Justice SHARPE and Mr. Justice BUTZEL as to the intent of the 1947 act was not settled.

Mr. Justice BUTZEL now writes in the instant case that said Act No. 360, Pub. Acts 1947, was intended to *clarify* section *28* of the unemployment compensation act whereby it adds "and is seeking work" to said section 28 (a). I concur in the result reached by Mr. Justice BUTZEL for the reasons stated in his opinion, with the exception of his reference to the intent of the 1947 legislature in writing those words into section 28 (a). I still feel that it matters not what the intent of the 1947 legislature was, in enacting the amendment. We are construing the act as it read previous to the 1947 amendment. It is not controlling of decision here, nor in the *Packard*

*Motor Case, supra,* what the legislative intent was in 1947.

In the *Packard Motor Case* Mr. Justice Sharpe said that the meaning of section *29* in the particular herein noted, was changed by the 1947 legislature. In the instant case Mr. Justice Butzel says that in the particular herein noted, the addition of the words "and is seeking work" indicates merely a clarification, not a change, in the previous law in said section *28*. But I know of no rule of statutory construction that prevents the legislature from amending one section (29) of the unemployment compensation law in such a way as to change its effect, and from amending in the same act another section (28) in such a way as merely to clarify the previous meaning of the act.

Dethmers, J., concurred with Boyles, J.