TURNER *v.* UNEMPLOYMENT COMPENSATION COMMISSION.

1. UNEMPLOYMENT COMPENSATION—BENEFITS—MISREPRESENTATION OF MATERIAL FACT.

An employee's statement in his certificate as to unemployment, made incident to obtaining benefits under the unemployment compensation act, that "I was seeking work" is not a conclusion of law but a statement of fact and, where false, constituted a misrepresentation of a material fact (CL 1948, §§ 421.28, 421.62).

2. SAME—APPLICATION FOR REDETERMINATION—TIME.

Employer against whom checks for unemployment benefits were chargeable made timely application for redetermination, where it made protest as to such payments and application for redetermination 4 or 5 days following receipt of notice that payments for benefits had been made (CL 1948, § 421.-32).

3. SAME—ELIGIBILITY FOR BENEFITS—BURDEN OF PROOF.

A claimant for unemployment compensation benefits has the burden of showing his eligibility therefor (CL 1948, § 421.28).

4. SAME—BENEFITS—ELIGIBILITY—MISREPRESENTATION—RESTITUTION.

Claimant for benefits under the unemployment compensation act who made a misrepresentation of a material fact as to his eligibilty therefor *in order to obtain same is required* to make restitution thereof (CL 1948, § 421.62).

5. SAME—COSTS.

No costs are allowed on appeal in proceeding to recover unemployment compensation benefits, where award to claimant is reversed on appeal.

Appeal from Wayne; Weideman (Carl M.), J. Submitted January 10, 1952. (Docket No. 25, Calendar No. 45,220.) Decided April 7, 1952.

REFERENCES FOR POINTS IN HEADNOTES

[1] Generally as to persons entitled to unemployment compensation, see 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 34 *et seq.*

Certiorari by Leonard B. Turner against Unemployment Compensation Commission to review award of Appeal Board of the Unemployment Compensation Commission requiring restitution. Award reversed. General Motors Corporation, defendant, appeals. Reversed.

*Zwerdling & Zwerdling* (*A. L. Zwerdling,* of counsel), for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Edward Coughlin,* Assistant Attorney General, for Unemployment Compensation Commission.

*Henry M. Hogan* (*E. V. Gilliland,* of counsel), for defendant General Motors Corporation.

NORTH, C. J.   This case arises under and is controlled by the Michigan unemployment compensation act (CL 1948, § 421.1 *et seq.* [Stat Ann 1950 Rev § 17.501 *et seq.*]), particularly sections 28 and 62.* The material facts are undisputed and may be summarized as follows:

On June 11, 1948, Leonard B. Turner, herein referred to as plaintiff, was laid off by the Fisher Body Division of the General Motors Corporation. On June 18th he filed a claim for unemployment compensation benefits; and as a result he received 1 benefit check in the amount of $20. He went to work for the Briggs Manufacturing Company on June 29, 1948; but 2 days later plaintiff quit because he "didn't like the work." He filed another claim for benefits on July 2d, but was held to be disqualified because of having voluntarily quit his employment. See CL 1948, § 421.29 (Stat Ann 1950 Rev § 17.531).

---

* For act as presently amended, see PA 1951, No 251.

He obtained further employment on July 12, 1948, with Hudson Motor Car Company where he worked until July 30th, when he was again laid off for lack of work. He immediately filed a claim for benefits. He was called back to work by the Hudson Motor Car Company on September 20, 1948; and was still there employed at the time of the hearing herein before the referee in November, 1948.

On September 10, 1948, the commission issued to plaintiff 5 weekly benefit checks, each in the amount of $20, covering the period from August 1 to and including September 4, 1948; and on September 17th he received another $20 check for the period from September 5th to September 11th. These checks were charged against the account of the General Motors Corporation, appellant herein; but information that the checks were so charged was not received by appellant until on or about September 16, 1948. Promptly thereafter, and on September 21st, appellant requested a redetermination of plaintiff's qualification to receive benefits, contending that plaintiff was not eligible for benefits under section 28, subd (a), of the act. (CL 1948, § 421.28 [Stat Ann 1950 Rev § 17.530].) As the result of hearings before the commission and before the referee it was held that plaintiff was not subject to disqualification under section 28, subdivisions (a) and (b). Appellant herein appealed from the determination of the referee to the appeal board. That board, after hearing, found that plaintiff was not eligible to or qualified for benefits under the unemployment compensation act. That result was reviewed by certiorari in the circuit court of Wayne county, and it was there held that the determination of the board of appeals was erroneous and instead plaintiff was not disqualified from receiving benefits under the act. From the decision in the circuit court the appeal in

the instant matter was taken to this Court by the General Motors Corporation.

Decision herein turns upon whether plaintiff obtained benefits by or because of misrepresentation or nondisclosure within the meaning of the Michigan unemployment compensation act. Among the pertinent provisions of the statute are:

"Sec. 28. An unemployed individual shall be eligible to receive benefits with respect to any week only if the commission finds that:

"(a) He has registered for work at and thereafter has continued to report at an employment office in accordance with such regulations as the commission may prescribe *and is seeking work.*" (Emphasis supplied.)    CL 1948, § 421.28 (Stat Ann 1950 Rev § 17.530).

"Sec. 62    (a) Any person who obtains benefits by or because of a false statement or a misrepresentation or a nondisclosure of a material fact shall repay to the commission a sum · equal to the amount so obtained.

"(b) Any person who intentionally makes a false statement or misrepresentation or conceals material information to obtain benefits, shall, in addition to any other applicable penalties, have all of his uncharged credit weeks cancelled. * * *

"(e) The commission shall take such action as may be necessary to recover all benefits improperly obtained or paid under this act."    CL 1948, § 421.62 (Stat Ann 1950 Rev § 17.566).

Incident to paying weekly instalments of unemployment compensation separate checks are issued each week, and for the purpose of establishing the recipient's eligibility he is required to sign a statement attached to each check which he receives. As to each of the 6 checks herein involved, plaintiff did

sign such attached statement. The portions of such statement here material plainly read:

"During the Above Week

"1. I Registered for work;

"2. I was Seeking work; ·*　*　*

"7. I know that the law provides Penalties of Fine and Imprisonment for any false statement. I hereby Certify to the above statements and claim benefits for that week.

"Signature: ............................."

As above noted, a controlling issue presented on this appeal is this: Did plaintiff, in violation of section 62, subd (a), of the unemployment compensation act, obtain "benefits by or because of a false statement or a misrepresentation or a nondisclosure of a material fact" by stating in his claims for benefits: "I was seeking work." The substance of the material testimony on this issue was given by plaintiff at the hearing before the referee and was a part of the record on the hearing before the appeal board. We quote:

*"Cross-Examination of Claimant*
"By *Mr..Huth:*

"*Q.* Mr. Turner, upon your release from Hudson's on July 30—on 7/30/48, did they tell you at all when you would be likely to go back to work if you were?

"*A.* They told me they would call me back.

"*Q.* They didn't set any specific date?

"*A.* No.

"*Q.* Now since that period until you went back to Hudson Motor, presumably the latter part of September, it would almost have to be, did you look for work anywhere?

"*A.* No. *　*　*

*"The Referee:* The law contains a provision that an individual is eligible to draw benefits only if he is seeking work and according to your testimony you did not seek work during that temporary layoff at

Hudson Motor and furthermore it is the contention of the employer that you did not register for work after your layoff by Hudson Motor on September 20 (*Sic*–July 30)?

"*The Claimant:* Why should I? I had a job and laid off and they didn't give me no definite time. Naturally I went to the unemployment to get $20 a week, and that's what it's for. That's the job of unemployment to give you $20 a week when you are laid off and naturally I figured I wouldn't be laid off any more than 2 weeks. As it went there were quite a few weeks."

Having heard and considered the matter, the appeal board reversed the referee's holding, and filed an opinion from which we quote:

"The referee was of the opinion that because of the fact that the employer's protest was received on September 22, 1948, and claimant had returned to his customary work on September 20, 1948, with Hudson Motor Car Company, the question as to whether claimant was 'seeking work' and 'available for work' was not an issue. We cannot agree with this reasoning. * * * The decision of the referee is hereby reversed.

"It is held that the claimant failed to establish his eligibility for benefits under the provisions of section 28 (a) and (c) of the act from July 30, 1948, when he renewed his claim for unemployment benefits, to September 20, 1948, when he became reemployed by the Hudson Motor Car Company.

"It is further held that the claimant made a misrepresentation or nondisclosure of a material fact and that he will be required to make restitution for benefits received."

By certiorari the above was reviewed in the circuit court of Wayne county and reversed. Our review of the record brings the conclusion that the decision of the circuit judge should be reversed and

the holding of the appeal board affirmed.  In his filed opinion, the circuit judge stated:

"The phrase on the certification that 'I was seeking work' represents a statutory requirement which has had a multitude of varying interpretations in this court and courts of other States. * * * When this appellant (plaintiff) signed a certification which said, among other things: 'During the above week * * * I was seeking work; * * * I was able to and available for work,' he was, in my opinion, certifying to conclusions of law based on his understanding of what was meant by those phrases. * * * The question is not whether he satisfied those requirements, but rather whether his statement that in his opinion he did so was a deliberate misrepresentation or nondisclosure of facts."

The circuit judge was in error in concluding that plaintiff's certification: "I was seeking work" was a conclusion of law.  It was plainly a certification of fact, which, under the undisputed testimony, was not true.  Plaintiff had no hesitancy or trouble in answering "No" when asked on cross-examination: "Did you look for work anywhere?"

The circuit judge was also in error in stating in his opinion:

"The question is not whether he (plaintiff) satisfied those requirements ('seeking work' or 'available for work'), but rather whether his statement that in his opinion he did so was a deliberate misrepresentation or nondisclosure of facts."

In a case of this character the applicant becomes disqualified to receive benefits under section 62, subd (a), above quoted, by "a false statement or a misrepresentation or a nondisclosure of a material fact," even though it was not a "deliberate misrepresentation or nondisclosure of facts."  See *Holcomb* v. *Noble,* 69 Mich 396; and *Sullivan* v. *Ulrich,* 326 Mich 218.  It is in section 62, subd (b), of the act that

provision is made for instances wherein the claimant for benefits "intentionally makes a false statement or misrepresentation;" and it is in that respect that section 62, subd (a), differs from section 62, subd (b). A reasonably careful reading of section 62, subdivisions (a) and (b), will reveal that the legislature provided 2 different rules with respect to the consequences arising from false statements, misrepresentations, or nondisclosure of material facts.

In arriving at our conclusion herein we are mindful of but not in accord (as just above noted) with appellee's contention that it was a question of law, rather than a question of fact, as to whether plaintiff made a truthful statement when he certified: "During the above week  *  *  *  I was seeking work." Nor are we in accord with appellee's contention that the application in the instant case for redetermination was ineffective because it was belatedly made. The first information appellant herein had that the checks issued to plaintiff were chargeable to its account came to it on September 16 or 17, 1948; and appellant's application for redetermination was made September 21, 1948. See CL 1948, § 421.32, subd (c) (Stat Ann 1950 Rev § 17.534 [subd (c)]).

While the same phase of the statute was not primarily before the Court in *Dwyer* v. *Unemployment Compensation Commission,* 321 Mich 178, much in that opinion is applicable to the instant case. We quote briefly the effect of our holding:

"A claimant is required to do more than register and report to establish that he is eligible for benefits. *  *  *

"In the last analysis, therefore, to prevail, the claimant must have sufficient proofs offered in his behalf to establish that he meets the conditions of eligibility. To this extent he has the burden of proof. *  *  *

"In the instant case, the plaintiff sought work only 3 or 4 times during his long period of unemployment. Upon such a showing, the appeal board was justified in holding that plaintiff had not made a reasonable attempt to keep himself in the labor market and, consequently, was not available for work and not eligible for benefits."

The decision of the circuit court is reversed; and the determination of the appeal board of the Michigan unemployment compensation commission is affirmed wherein it was provided: "It is further held that the claimant made a misrepresentation or nondisclosure of a material fact and that he will be required to make restitution for benefits received." The case is remanded to the circuit court for entry of judgment in accordance herewith, and for certification to the Michigan unemployment compensation commission. No costs.

Dethmers, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred. Butzel, J., did not sit.