84 So.2d 1 (1955)
FLORIDA INDUSTRIAL COMMISSION, Unemployment Compensation Division, Appellant,
v.
Ella A. CIARLANTE, Appellee.
Supreme Court of Florida. Division B.
December 14, 1955.
*2 Burnis T. Coleman and Carl R. Pennington, Jr., Tallahassee, for appellant.
Daniel Sepler, Miami, for appellee.
ROBERTS, Justice.
This is an appeal in an unemployment compensation proceeding under the Florida Unemployment Compensation Act, Chapter 443, Fla. Stat. 1953, F.S.A. The claimant, appellee here, was denied unemployment compensation by the Claims Examiner, the Appeals Referee, and the Unemployment Compensation Board of Review, on the ground that she was not "available for work" within the meaning of Section 443.05 (3) of the Act. The claimant then sought a judicial review of the Board's order in the Circuit Court of Dade County, as authorized by Section 443.07(4)(e) of the Act, and obtained a reversal of the Board's order by the reviewing court. The Florida Industrial Commission has appealed to this court from the order of reversal entered by the reviewing court.
There was no dispute in the evidence, which was heard by the Appeals Referee and consisted solely of the testimony of the claimant. The claimant is 67 years of age and listed her occupation as "custom tailor." This means "high class dress making," according to claimant. She said that she had been doing this type of work all of her life, in dress establishments in Miami Beach and New York City, where she formerly resided. In both places the work is seasonal, and she has always worked only four or five months during the winter and is always "laid off" during the summer. She was last employed by Saks Fifth Avenue in Miami Beach from December 1953, to May 7, 1954, and expected to return to her job with that establishment in November or December 1954. She said that she had taken alterations, but that her work was high class dress making, and that "at my age, I can't change to something else." After she was discharged by Saks on May 7, she registered for employment as a custom tailor with the Florida State Employment Service and checked the daily newspapers for advertisements for such work. At the suggestion of the Claims Examiner, she made personal calls during three separate days on similar establishments in the area, but discontinued these efforts because she knew there was "nothing to do" in her line of work during the summer.
Based upon these facts, the Appeals Referee found that the claimant was not "available for work" as of the date of the hearing (August 19, 1954) and denied unemployment compensation. Upon appeal to the Board of Review by the claimant, the Board denied the application for review, and the decision of the Appeals Referee is thus "deemed to be a decision of the board of review * * * for purposes of judicial review," under Section 443.07(4)(e), supra. As noted, the reviewing court reversed the order of the Board denying compensation, and the Commission appealed.
*3 The sole question here is whether there was competent substantial evidence to support the finding of the Appeals Referee that the claimant was not "available for work." If there was, then the reviewing court should not have reversed the order denying compensation, as the Unemployment Compensation Act specifically provides, in Section 443.07(4)(e) thereof, that "the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law."
The requirement of our Unemployment Compensation Act that, in order to be eligible for unemployment compensation, the claimant must be found to be "available for work," is found in all other state unemployment compensation acts. Our Act does not define the term, and this court has not heretofore been called upon to construe it. But the courts of other states, in considering such a provision, have generally held that the "availability" requirement is designed to "test the individual's continued and current attachment to the labor force." Mohler v. Department of Labor, 1951, 409 Ill. 79, 97 N.E.2d 762, 764; 24 A.L.R.2d 1393. It means that the claimant "`must be exposed unequivocally to the labor market.'" Schettino v. Administrator, Unemployment Compensation Act, 138 Conn. 253, 83 A.2d 217, 220. "In order to give effect to the act a person must be ready and willing to accept suitable work. The act is intended to benefit persons who are unemployed through no fault of their own and who are genuinely attached to the labor market." Swanson v. Minneapolis-Honeywell Regulator Co., 1953, 240 Minn. 449, 61 N.W.2d 526, 531. For other recent decisions on the question of whether a claimant was actually and currently attached to the labor force, and thus "available for work", see Dwyer v. Appeal Board, 321 Mich. 178, 32 N.W.2d 434, 438; Beaman v. Safeway Stores, Inc., 1954, 78 Ariz. 195, 277 P.2d 1010; Unemployment Compensation Commission v. Tomko, 192 Va. 463, 65 S.E.2d 524, 25 A.L.R.2d 1071; Claim of Sapp, 1954, 75 Idaho 65, 266 P.2d 1027; Tung-Sol Electric v. Board of Review, etc., 1955, 34 N.J. Super. 349, 112 A.2d 571; Rabinowitz v. Unemployment Compensation Board of Review, 1955, 177 Pa.Super. 236, 110 A.2d 792; Stapleton v. Administrator, Unemployment Compensation Act, 1955, 142 Conn. 160, 112 A.2d 211. See also 55 Yale L.J. pp. 123-124.
It has also been said that the test of availability is subjective in nature, Dwyer v. Appeal Board, supra, 32 N.W.2d 434, Stapleton v. Administrator, Unemployment Compensation Act, supra, 112 A.2d 211; and must depend in part on the facts and circumstances of each case. Mohler v. Department of Labor, supra, 97 N.E.2d 762. A factor to be considered is the claimant's mental attitude, i.e., whether he wants to go to work or is content to remain idle. Pizura v. Director of Division of Employment Security, 1954, 331 Mass. 286, 118 N.E.2d 771. "Indicative of such mental attitude is evidence as to efforts which the person has made in his own behalf to obtain work. A person who is genuinely attached to the labor market and desires employment will make a reasonable attempt to find work, and will not wait for a job to seek him out." Dwyer v. Appeal Board, supra, 32 N.W.2d 434, 438.
A case somewhat similar on its facts is that of Mohler v. Department of Labor, supra, 97 N.E.2d 762, 24 A.L.R.2d 1393. There, the claimants were seasonal workers in a canning industry and sought benefits during the off-season of their customary occupation. They made minor efforts to obtain other employment, but were unsuccessful. In affirming a decision of the administrative department that claimants were not "`available for work'", the Supreme Court of Illinois said:
"Both women resided for twenty-seven years in communities that presented no labor market outside seasonal work, and offered no transportation facilities to other available labor markets. It is apparent that neither claimant sought additional work outside or within their communities until this litigation was commenced, and even then the evidence is meager that either *4 fully or adequately canvassed the labor markets to which they did have access. The habit, born over a long period of years, of working only seasonally is indicative of a mental attitude of contentment to remain out of the labor market during the off season of the canning industry. Under such circumstances, it cannot be said that either appellee was currently attached to the labor market, and available for work within the requirement of our Unemployment Compensation Act."
In holding that the claimant in the instant case was not available for work, the Appeals Referee found that the claimant "for many years has been content to work four or five months a year, thus being unemployed the remaining seven or eight months a year. Her summer unemployment has therefore been of her own choosing. The few applications she did make after being held ineligible are not impressive. Claimant still intends to return to her last employer who will not furnish her with work until December 1954." And we agree with the Appeals Referee that, in these circumstances, a finding that the claimant was available for work would not be justified. The claimant apparently made no attempt to find, or even registered for, suitable work in any line except "high class dress making", knowing that such work was unavailable, according to her testimony. Her work history clearly showed that she was content to work only for a few months in the winter and remain idle during the summer. In these circumstances, the Appeals Referee could reasonably conclude that the claimant had not kept herself "available" for work during the summer. As stated in Austen v. Corsi, 1955, 285 App.Div. 577, 139 N.Y.S.2d 690, 694, "Claimant may not exclusively pursue her chosen career at the expense of unemployment contributions made by others. In so doing she removes herself from the spirit, purpose and letter of the Unemployment Insurance Law."
It has also been argued here on behalf of claimant that the policy adopted by the Florida Industrial Commission of requiring claimants to indicate their desire to become employed and their "availability for work" by actively seeking work has the effect of adding, administratively, an additional requirement for eligibility to those prescribed in Section 443.05, Fla. Stat. 1953, F.S.A., and one which is contrary to the provisions of Section 443.06(2), Fla. Stat. 1953, F.S.A. This contention cannot be sustained.
The Act not only requires registration for employment but, also, that the claimant be found to be able to work and available for work. It does not seem to be an unreasonable interpretation of the general terms of the statute that "availability" should be evidenced by something more than mere registration with an employment agency and an expressed willingness to work. Cf. Dwyer v. Appeal Board, supra, 32 N.W.2d 434; Mohler v. Department of Labor, supra, 97 N.E.2d 762; Dan River Mills, Inc., v. Unemployment Compensation Commission, 1954, 195 Va. 997, 81 S.E.2d 620. Nor is there anything in such interpretation which conflicts with the provisions of Section 443.06(2). This latter section has to do with the disqualification of a claimant, which is not the same thing as the eligibility of a claimant. As stated in Beaman v. Safeway Stores, Inc., supra, 277 P.2d 1010, 1012, "Ineligibility and disqualification as used in the act do not mean the same thing and are not intended to be applicable to the same conditions. Eligibility relates to `a status indispensable to the operation of the act' whereas disqualification refers to a limited deprivation of benefits because of a specific affirmative act." The claimant contends that, under Section 443.06(2), "the commission must show a job was available to the applicant, that it was suitable and that he refused it without good cause, before it can rule that he is disqualified for benefits"; but, even if this be true, there is no conflict with an administrative policy to require a claimant to show that he actively, albeit unsuccessfully, sought work, as a condition precedent to eligibility for benefits during his benefit year. While the burden may be on the Commission to show that the claimant has *5 become disqualified for unemployment compensation during a portion of his benefit year, under Section 443.06(2), it is generally held that the burden is on the claimant to prove that he has met the requirements of eligibility prescribed by the Act, including, of course, the requirement of "availability" for work. Cf. Claim of Sapp, supra, 266 P.2d 1027, and cases there cited. We see nothing to require our substituting a different interpretation of the Act from that adopted by the Commission entrusted with the responsibility of administering the statute and, accordingly, we sustain its interpretation, as set forth above.
As originally enacted by Chapter 18402, Laws of Florida, Acts of 1937, the Unemployment Compensation Act expressly provided that seasonal workers were not entitled to the benefits of the Act during their off-season; but this provision was changed in subsequent amendments to the Act and, finally, by Chapter 23919, Laws of Florida, Acts of 1947, F.S.A. § 443.04, the provisions for the seasonal classification of workers were eliminated from the Act. In the light of this legislative history, we do not hold that seasonal workers are per se ineligible for unemployment compensation, but we do hold that the manifest intent of the legislature was that seasonal workers during their off-season must meet the same eligibility requirements as non-seasonal workers  that is, that they are still actively and currently attached to the labor market. The Unemployment Compensation Act was designed to alleviate the financial hardship of those unfortunate workers who become unemployed through no fault of their own and who are ready, willing and able to work but cannot find suitable employment. It was not intended to provide a vacation with pay for a seasonal worker (or for a non-seasonal worker, for that matter) at the expense of the unemployment compensation fund.
For the reasons stated, the order here appealed from is reversed.
DREW, C.J., and THOMAS and O'CONNELL, JJ., concur.