SHANNON, Judge.
On petition for writ of certiorari the Phenix Supply Company, petitioner, seeks judicial review of the decision of the Board of Review of the Florida Industrial Commission, which had held, in effect, that payment of unemployment benefits to the employee should be charged to the experience rating account of the employer.
The employee, Walker Hall, had been employed by the petitioner and had worked as a truck driver for some eighteen or nineteen years. During the last two or three years prior to his termination date of August 15, 1958, the employee had had several accidents while driving his truck due to his inability to stay awake. For two or three months prior to his termination date he had been given other duties around the plant with an occasional truck-driving assignment. On August 15, 1958, the employee was no longer capable of performing the only type of work — truck-driving—the employer had available for him, and the petitioner decided that the interest of both the employer and employee would best be served by terminating the employment relationship. Because of long and satisfactory service of the employee the employer decided to contribute the sum of $500 with which the employee could go into the chicken business. Due to circumstances which are not material here, the employee failed to make a success with the chickens and so had taken temporary employment as a laborer with a third party.
A doctor’s certificate in explanation of claimant’s inability to stay awake while driving a truck was based on the employee’s low basal metabolism. The Claims Examiner, whose determination was affirmed by the Appeals Referee, held that the employee was discharged, but not for misconduct connected with his work, and therefore, the account of the employer was properly charged with benefits paid to the employee.
In view of the fact that 'the procedure in connection with the petitioner’s rights is primarily based on Section 443.08(3) (a), Florida Statutes 1957, F.S.A., we are bound by the wording of that statute, which is in part:
“(3) Contribution rates based on benefit experience. — (a) The benefit payments made to any eligible individual shall be charged to the employment record of each employer who paid such individual wages equal to twenty dollars or more within the base period of said individual in the proportion to which wages paid by each such employer to such individual within the base period bears to total wages paid by all such employers to such individual within the base period. Provided, however, that benefit payments will not be charged to the accounts of employers when such employers have furnished the commission with such notices regarding separations of individuals from work and the refusal of individuals to accept offers of suitable work as are required by the provisions of this chapter and the regulations of the commission, if one or more of the following conditions are found to be applicable:
“1. When an individual * * * has been discharged by his employer for misconduct connected with his work, no benefits subsequently paid to him on the basis of wages paid to such individual by such employer prior to such separation shall be charged to such employer’s account.”
We are also bound by the substantial evidence rule.
After studying the record in this case, including the testimony of L. E. Altman, Vice President of the petitioner, and of the employee, Walker Hall, we have come to the conclusion that there is competent substantial evidence in the record to support the findings and conclusions of the Appeals Referee that the employee’s separation from work did not occur for any disqualifying reasons. It necessarily follows that under *433 the above-quoted section of the statute the employment record of the petitioner was properly charged with the benefits paid to the employee. Neither Teague v. Florida Industrial Commission, Fla.App. 1958, 104 So.2d 612, nor Florida Industrial Commission v. Ciarlante, Fla.1955, 84 So.2d 1, is concerned with the question here.
Certiorari denied.
ALLEN, C. J., and KANNER, J., concur.