142 So.2d 750 (1962)
Fannie Bell NEWKIRK, Petitioner,
v.
FLORIDA INDUSTRIAL COMMISSION, Respondent.
No. 3061.
District Court of Appeal of Florida. Second District.
June 15, 1962.
*751 Isaiah W. Williams, of Minnis & Williams, St. Petersburg, for petitioner.
Burnis T. Coleman and Lawrence Kanzer, Tallahassee, for respondent.
SMITH, Judge.
This is a petition for a Writ of Certiorari to review the finding of the Florida Industrial Commission that the petitioner, Fannie Bell Newkirk, was disqualified from receiving unemployment benefits.
The petitioner had been employed for many years as a presser in dry cleaning plants. She was with her last employer for ten years until she was laid off, for lack of work, in July, 1961. The petitioner then filed a claim for unemployment benefits. On July 24, 1961, the petitioner was directed by the employment service to apply for a position as a presser with a specific employer who had placed an order for a presser with the employment service. The following testimony of the petitioner, at a hearing on her claim, describes the circumstances surrounding the above offer of employment:
"Q. Well, has the Employment Service ever referred you to a job?
"A. They did.
"Q. * * * Who called you?
"A. Mrs. Powell.
"Q. Is she an employee of the Industrial Commission  the Employment Service?
"A. Yes, she is.

*752 * * * * * *
"Q. She telephoned you, is that it?
"A. Yes, she called me on the telephone, and I asked her how to  it was to press  and she told me  I asked her was any pants involved and she said yes, there was some pants, and I said `Miss Powell, I told you that I could not press pants.'
* * * * * *
"Q. Did you go see them?
"A. No, sir, I did not.
"Q. Why not?
"A. Because I knew I couldn't press pants.
* * * * * *
"Q. Why didn't you go out there and see them anyway?
"A. She told me that there was pants to be pressed, so I thought that was just a trip I'd make for nothing."
On August 9, 1961, a Claims Examiner of the Florida Industrial Commission made a determination that because of the petitioner's refusal, without good cause, to apply for available, suitable work when directed to do so by the Employment Service of the Respondent Commission, she was disqualified for unemployment compensation benefits. The petitioner then appealed to an Appeals Referee who affirmed the Claims Examiner's determination of disqualification. From the Appeals Referee the petitioner filed an application for leave to appeal to the Board of Review of the Respondent Commission, which Board denied petitioner's application for leave to appeal from the Referee's decision. The petitioner then filed a timely petition for Writ of Certiorari with this court.
The petitioner's only point in this petition is that the decision of the Appeals Referee is contrary to the evidence in finding that the petitioner, without good cause, failed to apply for available, suitable work as directed by the Employment Service of Respondent Commission. To support this argument, petitioner contends that she had had seventeen years of experience in pressing but that she was not a pants presser and she understood that the job offered was that of a presser doing all kinds of pressing, which would include pants pressing. In other words, the petitioner considers herself to be a specialized presser which excludes pressing pants. The petitioner testified below that many years prior she had attempted to press pants but failed to satisfy her employer and that since that failure she had not attempted to press pants. We feel that the contention of the petitioner is without merit.
The sole question here is whether there was competent, substantial evidence to support the finding of the Appeals Referee. If there was, then the reviewing court should not reverse the order denying compensation. Section 443.07(4) (e), Florida Statutes, F.S.A.; Florida Industrial Commission v. Ciarlante, Fla. 1955, 84 So.2d 1. The burden is on the claimant to prove that she has met the requirements for eligibility prescribed by the Unemployment Compensation Statute. Sections 443.05; 443.06(2), Florida Statutes, F.S.A.; Florida Industrial Commission v. Ciarlante, supra; Teague v. Florida Industrial Commission, Fla.App. 1958, 104 So.2d 612. Under the Unemployment Compensation Statute, the requirement that the claimant be "available for work" means not merely that he register for employment with an expressed willingness to work, but also that he actively look for work. Section 443.05(3), Florida Statutes, F.S.A.
In the instant case, the petitioner contends that the fact that the proffered employment included one facet of what she considered herself unqualified to do excused her from applying, or even contracting, the source of employment so as to remain qualified to continue to receive unemployment benefits. The question of suitability of proffered employment has not been presented to the *753 courts of Florida before. The petitioner cites two cases in support of her case. However, examination of the cases disclose that they are distinguishable from the instant case. In Bowman v. Troy Launderers & Cleaners, 1943, 215 Minn. 226, 9 N.W.2d 506, the claimant was employed as a steam cleaner; and before being laid off, he was offered employment in another department involving garage work, truck driving and stock work. In the instant case, the petitioner was not offered an entirely different type of work, but the same specific type. In Department of Labor & Industry v. Unemployment Compensation Board of Review, 1946, 159 Pa.Super. 571, 49 A.2d 259, the main issue involved was the health and physical fitness of the claimant.
We are aware that the principal objective of unemployment legislation is to alleviate economic distress in individual cases. However, sound public policy requires that a claimant, such as the petitioner, who refuses employment or even to inquire as to employment may remain eligible for benefits only where there is some compelling reason for the refusal of work. There must be substantial causes, founded in real circumstances, that will bear the test of reason and mere conjecture will never suffice. In the instant case, the petitioner determined in her own mind that the proffered employment was not suitable and on this subjective determination seeks to qualify herself for benefits designed for persons, who after an earnest effort, are unable to find suitable work. As Chief Judge Kanner so ably stated, in Teague v. Florida Industrial Commission, supra:
"* * * No one should be denied a meritorious claim for unemployment benefits. Neither should the purpose of the act be perverted, at the expense of others who are compelled to contribute to the fund, with the bizarre result of paying benefits derived from it to persons who are voluntarily idle or indolent and who indicate no sincere desire to work. It is well, then, that the act contains suitable provisions against such an interpretation.
"Since the realization of a Utopian dream cannot be expected, then content must this court be to uphold those claims that meet the requirements of the statute and reject those that do not. Unfortunately, the instant one falls in the latter category."
The petition is denied.
SHANNON, C.J., and WHITE, J., concur.