219 So.2d 733 (1969)
CONTINENTAL BAKING COMPANY, Petitioner,
v.
Angel VILCHEZ et al., and the Florida Industrial Commission, Respondents.
No. 68-403.
District Court of Appeal of Florida. Second District.
February 7, 1969.
Rehearing Denied March 24, 1969.
Norman S. Brown, of Brown & Brown, Tampa, for petitioner.
Frank E. Hamilton, Jr., of Hardee, Ott, Hamilton & Stephens, Tampa, for respondents Angel Vilchez, et al.
LILES, Chief Judge.
Continental Baking Company has petitioned this court for a writ of certiorari seeking review of an order of the Florida Industrial Commission Unemployment Compensation Board of Review. The Board has ruled that petitioner's employee *734 members of Local No. 361 of the American Bakery and Confectionery Union, respondents here, are entitled to unemployment benefits under the Florida Unemployment Compensation Law (Chapter 443, Florida Statutes, F.S.A.). The order of the Board affirms the order of the appeals referee which had reversed the determinations of the claims examiner.
The claims for unemployment compensation by respondents arose from a labor dispute between Lodge No. 570 of the International Association of Machinists and petitioner baking company. The facts of this case, as determined by the appeals referee following a full evidentiary hearing on the matter, are essentially as follow:
At 12:01 a.m., November 12, 1967, the local unit of the International Association of Machinists struck the Tampa plant of petitioner baking company and posted pickets at the plant. This strike resulted from the expiration of a collective bargaining agreement which had not yet been successfully renegotiated.
Respondents were not members of the striking union and did not stand to lose or gain whatever the outcome of the labor dispute. Rather, they were bakery production, wrapping and sanitation workers, and were members of a different union, the American Bakery and Confectionery Union. Even though respondents were not directly involved in the labor dispute, petitioner anticipated that the effect of the pending strike and picket lines would be a total work stoppage. Therefore petitioner contacted one or more of respondents prior to the posting of pickets and advised them not to report for work until further notice. Likewise, no immediate effort was made to begin any of the usual production procedures for a normal workweek.
The appeals referee further found that many of the production workers involved here did report to the plant when scheduled to report, but that they found the plant in darkness and the gate to the yard locked. Petitioner made no effort to call respondents back to work until the labor dispute between it and the machinist union had concluded.
The referee then determined that respondents were unemployed due to a labor dispute but were not of a grade or class of worker involved in the dispute. Furthermore, he determined that respondents had not honored the picket lines which would have rendered them participants in the dispute. Rather, they had reasonably concluded that they had been "furloughed" by their employer.
The above findings were tendered by the appeals referee after he had conducted a full hearing at which the parties involved were represented by counsel.
The only issue before this court is whether there was competent substantial evidence to support the findings of the appeals referee. If there was sufficient evidence this court may not reverse. Florida Industrial Commission v. Ciarlante, Fla. 1956, 84 So.2d 1; Newkirk v. Florida Industrial Commission, Fla.App. 1962, 142 So.2d 750
Petitioner contends that there is not sufficient evidence to support the referee's finding of fact. Numerous conflicts of evidence are highlighted.
Our view of the record discloses that there was conflicting evidence before the referee as to precisely when certain of the events involved here took place and as to the condition of the plant at 12:01 a.m. of the day in question. But it is the appeals referee who resolves these conflicts and not the reviewing court. We have studied the entire record of this case and will not disturb the decision because there is competent substantial evidence to support that decision.
Likewise, the appeals referee correctly applied the law in this case. Section 443.06, F.S.A., establishes when an individual shall be disqualified for unemployment compensation benefits. Subsection (4) provides that an employee is disqualified if he is unemployed due to a labor dispute. However, *735 this subsection does not apply if the employee (a) "is not participating in or financing, or directly interested in the labor dispute," or (b) "does not belong to a grade or class of workers * * * any of whom are participating in, or financing, or directly interested in the dispute."
Thus the major issue here involved was whether respondents participated in the dispute. This issue ultimately hinges on whether they honored the picket line because voluntary refusal to cross such a line constitutes participation in the labor dispute as envisioned by this statute. Ashmead v. Florida Industrial Commission, Fla. App. 1963, 155 So.2d 801.
As already indicated, the appeals referee correctly found that respondents did not honor the machinist union picket line. Petitioner merely assumed that they would honor the strike and closed down operations before the picket lines were posted. This is clearly evidenced by its contacting one or more of respondents and telling them not to report, and its failure to call any of the workers to report for work between the time the plant ceased to operate and the termination of the labor dispute.
Petitioner argues it was justified in assuming that respondents would not report for work because in the long history of labor relations at the Tampa plant the unions involved never failed to respect another union's picket line. Whether this assumption was justified or not has no bearing on the instant case. The fact remains that petitioner furloughed respondents before any had honored the strike. It is not important that respondents would have disqualified themselves for unemployment compensation benefits, the issue here is whether they in fact did disqualify themselves.
The appeals referee found that they were not disqualified and we concur.
The petition for writ of certiorari is denied.
HOBSON and McNULTY, JJ., concur.