QUINCE, Judge.
Harold E. Roys (Roys) appeals an order of the Florida Unemployment Appeals Commission (UAC) reversing the decision of the appeals referee that he was entitled to bene *131 fits because he had been discharged due to lack of work. Because the UAC erroneously found the referee’s decision was not supported by the evidence, we reverse.
Roys was a part-time employee at Mulberry Motor Parts (Mulberry), working approximately twenty-five hours per week. He was hired to expand Mulberry’s business by repairing small engines. Because the demand for small engine repair did not occur as anticipated, Roys part-time hours were severely reduced.
Due to a family illness, Roys requested and was given permission to go to New York. His supervisor stated Roys’ leave of absence would not be a problem since the repair business was so slow. When Roys returned to town, Mulberry told him his services were no longer needed. Roys applied for unemployment benefits on the ground he was laid off. The referee found he had been discharged due to lack of work. The UAC reversed the referee’s decision, finding it was not supported by the evidence.
The record indicates conflicting testimony regarding the circumstances surrounding Roys’ extended absence. The referee chose to adopt Roys’ version of the facts. The referee is free to weigh the evidence and judge the credibility of the witnesses. Continental Baking Co. v. Vilchez, 219 So.2d 733 (Fla. 2d DCA1969). The referee’s conclusion of law is supported by substantial, competent evidence.
In reversing the referee, the UAC made findings that are not supported by the record. The UAC found Roys did not give the employer sufficient notice to cover his position in his absence. The record does not support this finding. The record is silent as to any attempt or intention of the employer to find a temporary replacement for its part-time employee.
The UAC may only modify or reverse the conclusions of a referee where the referee’s conclusions are not based on substantial, competent evidence. Jones v. Creative World School, Inc., 603 So.2d 118 (Fla. 2d DCA1992). Since there was substantial, competent evidence to support the conclusion that the claimant was discharged due to lack of work, it was error for the UAC to reverse the referee’s decision.
Accordingly, we reverse the order of the UAC and reinstate the decision of the referee.
RYDER, A.C.J., and DANAHY, J., concur.