In the Matter of the Claim of HERBERT K. PILLERSDORF, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, March 14, 1951.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor General* and *Francis R. Curran,* of counsel) for appellant.

*Herbert K. Pillersdorf,* respondent in person.

*Per Curiam.* This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which affirmed a decision of an unemployment insurance referee overruling the initial determination of the Industrial Commissioner which disqualified claimant for unemployment insurance benefits for forty-two consecutive calendar days commencing September 6, 1949.

There is no dispute in the facts. Claimant is thirty years of age, married, and has a child two and one-half years old. Prior to September 6, 1949, he was employed by John Forsythe Co., Inc., of New York City as a haberdashery salesman and had been so employed for six and one-half years. This was full time employment, six days a week.

While so employed he attended law school at night, was graduated and was admitted to the Bar of this State in June, 1946. After his admission to the Bar he endeavored to secure a position with a law firm but found that impossible, due to

some extent because his working hours were such that he was unable to make personal calls upon attorneys. For that reason he left his position as a salesman. He testified that he would not have left that position if his hours of employment had not been such as to preclude the possibility of contacting law firms during the day.

Subsequently, and on September 27, 1949, he obtained another position as a haberdashery salesman with Hobbs-Treff Company where his working hours were from 3:00 P.M to 11:00 P.M., five days a week and he was so employed at the time of the hearing before the referee. The board found that at the time of the hearing before the board and subsequently to the decision of the referee, claimant became connected with a law firm and is now engaged in the practice of law. He filed for benefits on September 6, 1949.

With these facts in mind the Industrial Commissioner issued an initial determination disqualifying claimant for benefits upon the ground that he voluntarily left his employment with John Forsythe Co., Inc., without good cause.

There is no question in this case that claimant left his employment voluntarily. The issue is whether, as a matter of law, he had good cause for leaving it. The board held that claimant's leaving his employment was with good cause. Singularly enough the board based its decision on the ground that " had claimant been offered a job as a salesman when unemployed, after his admission to the Bar, he would have had good cause for refusing such employment since he would not be fitted by training and experience for such a job offer ".

There is no basis in the record for the quoted statement of the board. The only employment which claimant ever had at the time he voluntarily left it was as a salesman with a haberdashery concern. Had he been discharged from that employment and consequently involuntarily unemployed, and had the employment service offered him another job in that industry, he would have to take it or suffer the loss of his benefits. That was the employment in which he had worked for six and one-half years and was the only employment in which he ever had any experience.

The decision of the Appeal Board and that of the unemployment insurance referee should be reversed on the law and the initial determination of the Industrial Commissioner reinstated, without costs.

FOSTER, P. J., HEFFERNAN, DEYO, BERGAN and COON, JJ., concur.

Decision of the Appeal Board and that of the unemployment insurance referee reversed, on the law, and the initial determination of the Industrial Commissioner reinstated, without costs.