In the Matter of the Claim of Bessie M. Delgado, Respondent. Edward Corsi, as Industrial Commissioner, Appellant.

Third Department, May 9, 1951.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General* and *Francis R. Curran* of counsel), for Industrial Commissioner, appellant.

*Bessie M. Delgado,* claimant-respondent in person.

Bergan, J. For about four years the claimant was employed as a sewing machine operator working on women's skirts. In November, 1948, she left this employment and some time later entered the vegetable business on her own account. This business did not succeed and was sold by claimant.

During the time she was working as a machine operator and thereafter, claimant took a course in hairdressing and she received a license to do this work in August, 1949. She testified she did not obtain work as a hairdresser because the hairdressing shops wanted experienced technicians, and although claimant had training and a license, she had no experience.

Unable to find an opening in this field, she filed a claim for unemployment insurance benefits November 9, 1949, and received two benefit payments. On December 6, 1949, she was offered employment as a sewing machine operator in a union shop under standard conditions in that trade which she refused on the ground she wanted to acquire experience in hairdressing.

The record of the placement office shows there was then no available employment for inexperienced hairdressers, and the Industrial Commissioner thereupon disallowed benefits on the

ground claimant had refused to accept an offer of employment for which she was reasonably fitted by training and experience.

The unemployment insurance referee overruled this determination for the reason that claimant "is entitled to a reasonable time to seek such employment" (as a hairdresser). He concluded that her refusal of the employment offered was for good cause. The appeal board affirmed this determination.

The statute does not allow so selective a refusal of employment. It prohibits the payment of benefits where, without good cause, there is a refusal of an offer of employment for which a claimant "is reasonably fitted by training and experience" with exceptions not germane here (Unemployment Insurance Law [Labor Law, art. 18], § 593, subd. 2).

Where a person is reasonably fitted for more than one kind of employment he does not bring himself within the benefits provided by the statute if he refuses one kind merely because he prefers the other.

And where one kind is shown to be available, and to have been offered, and the other is not at the time available because of a lack of personal experience, it is not unreasonable to require, as an alternative to unemployment benefits, that at such a time, at least, the kind of employment that is offered be taken until the kind that claimant prefers be available. The refusal here was not for good cause as a matter of law.

The decision should be reversed and the initial determination of the commissioner reinstated, without costs.

FOSTER, P. J., HEFFERNAN, DEYO and COON, JJ., concur.

Decision reversed, on the law, and the initial determination of the commissioner reinstated, without costs.