In the Matter of the Claim of Gladys Austen, Appellant-Respondent. Edward Corsi, as Industrial Commissioner, Respondent-Appellant.

Third Department, April 1, 1955.

*Edmund F. Lindner* as agent (Labor Law § 538) for appellant-respondent.

*Francis R. Curran* for respondent-appellant.

*Jack London* for American Federation of Television and Radio Artists, *amicus curiæ*.

Coon, J. During her base year (July 7, 1952, through July 5, 1953) claimant was employed for a period of twenty-two weeks as a receptionist, working for an agency which supplied stenographers, typists and receptionists to others on a temporary basis. There was work of that type available to her through the same employer during the period for which she is seeking unemployment insurance benefits. Claimant preferred, however, to seek work as an actress, for which she was trained and qualified, and declined classification as a typist or receptionist.

When claimant filed for benefits effective on July 6, 1953, she was classified as an actress and future reporting date was deferred, because the employment service does not undertake to secure employment for actors. She diligently sought work as an actress and obtained temporary employment on infrequent occasions for one day. It was disclosed on interviews that claimant restricted her availability for employment exclusively to employment as an actress and refused to report on August 21, 1953, as directed, for reclassification as a typist-receptionist. The Appeal Board has held that she was entitled to benefits from July 6, 1953, to August 21, 1953, and from that portion of the decision the commissioner appeals. The board has disqualified claimant, on the ground that she was unavailable for employment, after August 21, 1953, when she refused reclassification, and from that portion of the decision claimant cross-appeals.

We may not say as a matter of law that the record does not sustain the board's decision as to both periods. Although claim-

ant truthfully listed her occupation as an actress and sought work only in that profession during the first period mentioned, it does not appear that she refused other work or other classification during that period. It was within the province of the board to find that she was available for employment. After she refused reclassification when work as a typist-receptionist was available, however, she rendered herself unavailable for employment within the meaning of the law.

The Unemployment Insurance Law was intended for and expressly covers only those who are totally unemployed through no fault of their own and "No benefits shall be payable to any claimant * * * who is not ready, willing and able to work in his usual employment *or in any other for which he is reasonably fitted by training and experience.*" (Unemployment Insurance Law [Labor Law, art. 18], § 591.) (Emphasis supplied.) Whether claimant's "usual employment" be that of a typist-receptionist or an actress, it is without dispute that she was "reasonably fitted by training and experience" for employment as a typist-receptionist, and her refusal to seek or accept classification for such employment clearly brings her within the category of those to whom the statute mandates "no benefits shall be payable". The statute clearly outlines the conditions to be met and they may not be modified because an applicant desires to exclusively pursue a career which is more attractive. "Where a person is reasonably fitted for more than one kind of employment he does not bring himself within the benefits provided by the statute if he refuses one kind merely because he prefers the other." (*Matter of Delgado* [*Corsi*], 278 App. Div. 237, 238; see *Matter of Boyle* [*Corsi*], 277 App. Div. 1155; *Matter of Gilbert* [*Corsi*], 278 App. Div. 733, and *Matter of Pillersdorf* [*Corsi*], 278 App. Div. 59.)

It is urged that claimant's previous employment as a typist-receptionist was merely a "stop gap" employment necessary to further her career. The record discloses that between January, 1951, and June 23, 1953, claimant had sixty-six weeks employment as a typist-receptionist and only five days of paid employment as an actress. Though other employment might interfere with her efforts to gain employment as an actress, the immediate prospect of finding substantial and regular employment in that field is too remote to constitute a just cause for refusing other employment. Claimant may not exclusively pursue her chosen career at the expense of unemployment contributions made by others. In so doing she removes herself from the spirit, purpose and letter of the Unemployment Insurance Law.

The decision of the Unemployment Insurance Appeal Board should be affirmed, without costs.

FOSTER, P. J., BERGAN, HALPERN and ZELLER, JJ., concur.

Decision of the Unemployment Insurance Appeal Board affirmed, without costs.