■ In the Matter of the Claim of JUDY TUCKER, Respondent. ISADOR LUBIN, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which ruled the claimant was eligible for benefits. The issue presented on this appeal is whether the claimant's refusal to accept anything but work as an actress and particularly her refusal of a job as typist, with an employer for whom she worked during her base period, rendered her ineligible for benefits. The claimant graduated. from college in June, 1955 where she majored in theater. She sought work as an actress in New York City but was unsuccessful. In September, 1955, the beginning of her base year, she took a part-time job as a waitress which lasted for eight weeks. In November, 1955 she went to work as a secretary for 20 weeks but this job was noncovered as to unemployment insurance. Then in April, 1956 she was employed by Temporary Talents for five weeks as a typist. Thereafter she had a job for 10 weeks as an actress in a summer theater ending on September 1, 1956. She applied for benefits and when told in an interview on October 1, 1956 that a job was

available for her as a typist at Temporary Talents she declined to take it saying she would only accept employment as an actress. The Industrial Commissioner thereupon determined that she had made herself unavailable for employment and was therefore not eligible for benefits. This decision was sustained by the Referee but the Unemployment Insurance Appeal Board reversed finding the claimant eligible for benefits. The board adhered to this determination on a reconsideration of the case. The board has found that the claimant's only full-time employment was as an actress and that she was not reasonably fitted by training and experience to be a typist. There is no question that the claimant took work as a waitress, secretary and typist only as stopgap employment until she could get her theatrical career started and that she is primarily trained for the theater. However, subdivision 2 of section 591 of the Labor Law states, "No benefits shall be payable to any claimant * * * who is not ready, willing and able to work in his usual employment or in any other for which he is reasonably fitted by training and experience." It was stated in *Matter of Delgado (Corsi)*, (278 App. Div. 237, 238) that: "Where a person is reasonably fitted for more than one kind of employment he does not bring himself within the benefits provided by the statute if he refuses one kind merely because he prefers the other." There can be no question here but that the claimant, assuming that theatrical work is her usual employment, is reasonably fitted for work as a typist. The fact that she may never have received any formal training as a typist is not controlling. The majority of her work in her base period was secretarial in nature (cf. *Matter of Austen [Corsi]*, 285 App. Div. 577, 579). The claimant here refuses to work as a typist for one of the employers for whom she worked during her base period. By her refusal to accept any work except as an actress the claimant has made herself unavailable for employment for which she is reasonably fitted and she is therefore ineligible for benefits under the statute which was designed primarily for the involuntarily unemployed. Decision reversed and the claim dismissed, without costs. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.