In the Matter of the Claim of LOUIS REIGER, Respondent. JOFAN MAINTENANCE CORPORATION, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, November 30, 1962.

*Arthur N. Seiff* for appellant.

*Henry J. Metzner* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General,* for Industrial Commissioner, respondent.

GIBSON, J. Appeal is taken from a decision of the Unemployment Insurance Appeal Board which, upon an application to reopen, rescinded a Referee's decision holding claimant ineligible for benefits, by reason of his refusal of full-time employment as a taxicab driver (see Labor Law, § 591, subd. 2), and reinstated the initial determination allowing benefits.

We accept the board's finding that claimant has been engaged in public relations work, although the term is not overspecific and the duties of claimant's past positions were not shown in any great detail. For over 25 years he has had a taxicab driver's license, renewed annually upon his application, and, except for time spent in military service, has operated cabs in New York City for the appellant employer and others during all of that period, usually on week ends and on days off from other employments but for five days per week during one period of over three years preceding 1953. So far as appears, his last employment, other than as a cab driver, terminated in 1960, after which he continued his part-time work for the cab company, the appellant here, which has offered him regular, full-time work; but this he has refused, on the ground that he would not then have sufficient time to pursue his efforts to obtain employment in the field of public relations.

The initial determination of claimant's entitlement to benefits was overruled by a Referee on the express authority of this court's decision in *Matter of Tucker (Lubin)* (8 A D 2d 859). The case was reopened by the Unemployment Insurance Appeal Board, however, and the Referee's decision rescinded and the initial determination sustained after *Tucker* was reversed by the Court of Appeals (8 N Y 2d 1145). It seems clear, however, that our decision in *Tucker* was reversed because this court was found to have erred in overruling a purely factual determination which the Court of Appeals held was supported by substantial evidence. The statute provides: " No benefits shall be payable to any claimant who is not capable of work or who is not ready, willing and able to work in his usual employment *or in any other for which he is reasonably fitted by training and experience.*" (Labor Law, § 591, subd. 2; emphasis supplied.) In *Tucker*, the Court of Appeals held " that there was adequate support in the record for the board's finding that claimant was not reasonably fitted by training and experience to take a position as typist ". (8 N Y 2d 1145, 1147.) In this case there was no finding that claimant was not " reasonably fitted by training and experience " for work in his " other " employment; and in view of his continuous experience in the latter work and his annual licensure, over a period of many years, by the New York City bureau having jurisdiction, it could not well be found or, indeed, sensibly argued that he was not so fitted. The decision of the board in this case proceeds upon its finding of " primary occupation ", a ground for which the *Tucker* case seems to us to afford no authority and for which no support can be found in the clear and unambiguous language of the statute. The

board's conclusion that what claimant "has done in the past 25 years establishes that his primary occupation is as a public relations man" seems to us irrelevant and, more important, an improper basis for the decision and one unauthorized by the statutory provisions as to *any* other employment for which a claimant is fitted. The test of "primary occupation", which the board thus adopts, would render largely ineffective the alternative provision respecting "any other" appropriate employment, and this despite the clear fact that the Legislature has placed the latter in complete parity with "usual employment". While the board's term, "primary occupation", might conceivably be equated with "usual employment" for some purposes, certainly it may not be when the effect is to exclude all employments but the "primary" one. (See *Matter of Delgado* [*Corsi*], 278 App. Div. 237.) The result seems harsh only if the purpose of the statute be lost sight of. "[T]he full utilization of all skills is not the effective test to be applied under the statute, but rather the availability of work for which the claimant is fitted by training and experience". (*Matter of Greaser* [*Corsi*], 279 App. Div. 702, 703.)

The decision should be reversed and the Referee's decision reinstated, without costs.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Decision reversed and Referee's decision reinstated, without costs.