■ In the Matter of the Claim of Victoria Ranno, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board holding claimant disqualified from receiving benefits on the grounds she refused, without good cause, to accept employment for which she was reasonably fitted by training and experience (Labor Law, § 593, subd. 2) and requiring repayment of $27.50 previously received on the ground her failure to disclose the offer constituted a willful concealment of a material fact thereby negating her rights to retain the benefits she received. (Labor Law, §§ 594, 597, subd. 4.) The record contains evidence that on April 6, 1962 claimant refused re-employment on the job she had held prior to her dismissal therefrom on February 2, 1962 and that on April 12, 1962 she signed the usual weekly certification indicating that she was ready and available to work and that she had disclosed all offers of employment made to her. Claimant stated that she refused to return to her former employment because she was more interested in working as a dietician, which work she had undertaken on a part-time basis at a nearby hospital. There is also evidence that claimant was limited to part-time work as a dietician because of her lack of experience and her inability to be available for full-time day work, the normal period of employment for dieticians. In *Matter of Delgado* [*Corsi*] (278 App. Div. 237, 238), this court stated the rule applicable here as follows: " The statute does not allow so selective a refusal of employment. It prohibits the payment of benefits where, without good cause, there is a refusal of an offer of employment for which a claimant ' is reasonably fitted by training and experience' with exception not germane here (Unemployment Insurance Law [Labor Law, art. 18], § 593, subd. 2). Where a person is reasonably fitted for more than one kind of employment he does not bring himself within the benefits provided by the statute if he refuses one kind merely because he prefers the other." (See *Matter of*

*Reiger* [*Catherwood*], 17 A D 2d 269.) Commendably claimant could seek advancement to a higher paying position, but she had no right to refuse suitable full-time employment to continue part-time employment so as to gain experience in such employment or because it was more to her liking and at the same time continue to draw unemployment insurance. Similarly there is substantial evidence to support the board's finding that claimant's failure to disclose the offer of re-employment was willful within the meaning of subdivision 4 of section 597. (See *Matter of Bailey* [*Catherwood*], 18 A D 2d 727, 728.) Decision affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.