■ In the Matter of the Claim of DANIEL GERINGER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 9, 1968, which disqualified claimant from receiving benefits effective May 16, 1966 on the ground that he refused, without good cause, employment for which he is reasonably fitted by training and experience. Prior to entering the United States Army in April, 1965 claimant was employed as an editorial writer for a trade magazine. He was released from the Army in April, 1967 and thereafter filed for ex-servicemen's benefits pursuant to chapter 85 of title 5 of the United States Code after expiration of his terminal leave. After claimant's discharge from military service, he was offered a position with his prior employer at a substantial increase in salary with possibility of advancement from managing editor to editor. He refused the employer's offer because he had a summer job at a summer camp for eight weeks in July and August of 1967, and also because he wanted to do sports writing and not work on a trade publication. A serviceman's rights to benefits are "subject to the same conditions" as those of a claimant under State law (U. S. Code, tit. 5, § 8502). Section 501 of the Labor Law clearly expresses the policy that unemployment insurance benefits are intended solely for "persons unemployed through no fault of their own". Clearly, claimant's preference for the summer camp job and sports writing does not constitute good cause for refusal of an offer of employment as a managing editor of a trade publication. (*Matter of Ranno [Catherwood]*, 21 A D 2d 721; *Matter of Strazza [Corsi]*, 278 App. Div. 1036; *Matter of Delgado [Corsi]*, 278 App. Div. 237; Labor Law, § 593, subd. 2.) The holding in *Matter of Lungarelli [Catherwood]* (22 N Y 2d 394, 397), relied upon by appellant does not apply to the facts here. In *Lungarelli*, the claimant, an ex-serviceman, was offered the same position that he had performed prior to entering service "with no foreseeable prospects for advancement", and which did not provide re-employment at the level he would have enjoyed if he had not entered military service. In the case herein claimant had a substantial increase in salary with definite opportunities for advancement, and his refusal was based on a personal preference to do sports writing. The board's finding that claimant refused employment for which he was reasonably fitted by training and experience, without good cause, is supported by substantial evidence and its decision should be affirmed. (*Matter of Linker [Catherwood]*, 27 A D 2d 884; *Matter of Lipschitz [Lubin]*, 7 A D 2d 777; Labor Law, § 623.) Finally, it is clear that by signing a contract of employment, even though it was to commence in future, claimant did, under the circumstances of this case, effectively remove himself from the labor market. Decision affirmed, without costs. Herlihy, Staley, Jr.,

and Cooke, JJ., concur in memorandum by Staley, Jr., J. Aulisi, J., not voting; Gibson, P. J., concurs in the result solely on the particular ground last stated in the majority memorandum, that by signing a contract of employment, even though it was to commence in future, claimant did, under the circumstances of this case, effectively remove himself from the labor market.