■ PHYLLIS SHAPIRO, Respondent, v. CECIL ARNOLD, Appellant.— Appeal from a judgment of the Supreme Court, entered May 21, 1974 in Sullivan County, upon a decision rendered at a Trial Term, without a jury. The plaintiff herein brought this action against her former husband to recover arrears in child support payments in the sum of $1,312.50 which were allegedly due her under the terms of a separation agreement between the parties for the period from July, 1969 to September, 1970. After a trial, the trial court awarded her a judgment in the amount requested and dismissed the defendant's affirmative defense based upon a claim that the subject child was emancipated. The defendant's sole contention on this appeal is that the trial court erred in holding that the subject child remained unemancipated during the period in question, and we find his reasoning to be unpersuasive. Where, as here, there is conflicting evidence on the issue, it is ordinarily a question of fact as to whether there has been an emancipation (*St. Croix* v. *St. Croix*, 17 A D 2d 692; *Crosby* v. *Crosby*, 230 App. Div. 651; *Murphy* v. *Murphy*, 206 Misc. 228; 15 N. Y. Jur., Domestic Relations, § 422), and the record in this case amply supports the determination of the trial court. During the relevant period, the child, who was an 18-year-old college student, lived with his mother and his stepfather in an apartment which they provided for him in New York City. He slept at the apartment most of the time and kept his clothes and possessions there, and his mother paid for and prepared his meals, paid for his laundry, and discussed with him his life and his problems. Throughout the course of this same interval, his father gave him further assistance in excess of $3,700 to cover educational, medical and other miscellaneous living costs. Such evidence as this clearly establishes that the child was not emancipated, and the judgment of the trial court must, accordingly, be affirmed. Judgment affirmed, with costs. Herlihy, P. J.; Sweeney, Kane, Main and Larkin, JJ., concur.