■ · WANDA FRANCAIS, Respondent, v JACQUES FRANCAIS, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered May 9, 1975 in Ulster County, which (1) granted a motion by defendant to renew and reconsider two prior motions, but adhered to its determinations thereof, and (2) referred to the Family Court of Ulster County defendant's motion to amend a prior judgment of divorce between the parties. Pursuant to a divorce decree, defendant was directed to pay to his former wife the sum of $140 weekly for her support and the support of the issue of their marriage. When he thereafter unilaterally determined that his former wife was not properly providing support for his daughter, he then began to divert a portion of that amount, $60 per week, and pay it directly to his daughter at her college residence. His former wife successfully moved for a judgment for accumulated arrearages and defendant's cross motion for a reduction of support payments was denied. Although Special Term permitted a renewal and reconsideration of these motions upon his present application, it has concluded that there has been no showing of a failure on the part of the former wife to fulfill her obligations, and that there should not be any change in the support provisions. Upon this record, we perceive no reason to disturb the exercise of discretion by Special Term, in refusing to alter its prior determinations (cf. *Shapiro v Arnold,* 47 AD2d 686). The branch of defendant's motion which seeks a change in custody was properly referred to the appropriate Family Court for a hearing. Order affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.

■ In the Matter of the Claim of MARY J. HENDERSON, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 28, 1974, which affirmed an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she refused an offer of employment for which she was reasonably fitted by training and experience (Labor Law, § 593, subd 2). The board could properly find on the instant record that claimant, although an actress for 20 years, was "reasonably fitted by training and experience" for employment as a bus driver (Labor Law, § 591, subd 2; § 593, subd 2; *Matter of Austen [Corsi],* 285 App Div 577), that she rejected the proffered employment as a bus driver because she felt it would interfere with auditions for acting jobs, and that her preference for work as an actress did not constitute good cause (e.g. *Matter of Ranno [Catherwood],* 21 AD2d 721; *Matter of Austen [Corsi], supra).* Accordingly, the board's determination must be affirmed. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.