707 So.2d 954 (1998)
Minerva THOMAS, Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 97-1433.
District Court of Appeal of Florida, Fourth District.
March 25, 1998.
Nicola Jaye Boone of McCarthy Summers Bobko McKey Wood & Sawyer, P.A., Stuart, and Scott M. Solkoff of the Law Office of Jerome Solkoff, Deerfield Beach, for appellant.
Richard E. Doran, General Counsel, and Herschel C. Minnis, Assistant General Counsel, *955 Tallahassee, and Colleen Farnsworth, Assistant District Legal Counsel, West Palm Beach, for appellee.
STEVENSON, Judge.
Minerva Thomas, the appellant, challenges a decision of Florida's Department of Children and Families denying her application for Medicaid benefits pursuant to Florida's Institutional Care Program ("ICP"). Prior to applying for these nursing home benefits, Thomas entered into a lifetime contract with her daughter, whereby her daughter agreed to supervise appellant's health care and to provide personal services to her mother in exchange for $67,725. The Department's denial of Thomas' application for ICP benefits was based on its determination that Thomas had received less than fair market value for the $67,725. We reverse.
Both federal law and the Department's own regulations provide that a transfer of assets shall not render a Medicaid applicant ineligible for benefits, if he or she can establish that "the individual intended to dispose of the assets either at fair market value, or for other valuable consideration." 42 U.S.C. § 1396p(c)(2)(C)(i); see also Florida Department of Children & Families Resource Manual § 1630.20.00. During the proceedings below, the only evidence presented was that Thomas had in fact paid fair market value for the services contract; thus, the hearing officer's finding that Thomas had not received fair market value for the exchange is without record support. We, therefore, reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GLICKSTEIN and SHAHOOD, JJ., concur.