906 So.2d 1187 (2005)
Loring BRISTER, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D04-3189.
District Court of Appeal of Florida, Fourth District.
July 13, 2005.
*1188 William H. Fraser of Legal Aid Society of Palm Beach County, Inc., West Palm Beach, for appellant.
Terry P. Verduin, West Palm Beach, for appellee.
PER CURIAM.
Loring Brister appeals a final order affirming the denial of his March 2004 application for disability-based Medicaid benefits filed within a twelve-month period of his May 2003 application for the same type of benefits. In affirming the denial, the hearing officer's order indicates that Brister's application was properly denied for several reasons. The hearing officer concluded that the denial of Brister's 2003 application for disability benefits precluded this 2004 application even though it was based on different disabling conditions because the denial of the 2003 application was being appealed. In addition, the hearing officer also took issue with the fact that Brister failed to submit medical evidence and that Brister's ex-wife, whom he was still living with, refused to provide information on her assets and income. The precise "decision" of the hearing officer was that "Policy and Regulation indicate that [the Department] would have had to abide by the SSA decision through May 2004. Also, while under appeal, the Department must consider the [2003] case as pending and await the court's decision." We reverse and remand for a disability determination.
These issues involve the application of the law to the uncontested facts, thus our review is de novo. See Schrimsher v. Sch. Bd. of Palm Beach County, 694 So.2d 856, 861 (Fla. 4th DCA 1997) ("[W]e may reverse any erroneous interpretation of law, whether or not the error rises to a level of materiality, so long as the correct interpretation compels a particular action."); see also Steward v. Dep't of Children & Families, 865 So.2d 528, 530 (Fla. 1st DCA 2003) ("An agency's final order based on a conclusion of law is subject to de novo review.").
"SSI-related[1] Medicaid provides medical assistance to eligible individuals who are aged, blind or disabled in accordance with Title XVI and XIX of the Social Security Act and Chapter 409" of the Florida Statutes. Fla. Admin. Code R. 65A-1.709.
In 2003, the Department denied Brister's first application for disability-related benefits because the Department determined the "back injury causing constant pain" was "not severe enough to keep [him] from working." In March 2004, while that case was still pending in the internal Department appellate process, Brister went to his local Social Security office to fill out a new application for Medicaid benefits. Shortly after the second application was completed and submitted, the Department sought information concerning Brister's ex-wife's income and assets. While legally divorced, the couple maintains a single residence with their children. The ex-wife refused to cooperate with the Department's request for additional information. Thereafter, the Department denied benefits by letter dated May 10, 2004. Brister timely sought a hearing on the matter to review the denial of benefits.
At the hearing, Brister acknowledged that his ex-wife's refusal to cooperate prevented *1189 him from receiving family-related Medicaid benefits, but argued his application for SSI-related Medicaid benefits should have moved forward to a disability determination at which time medical evidence would be submitted. Additionally, Brister claimed his 2004 application for benefits was based on new and different maladies, including "heart palpitations and irregular heartbeats, hiatal hernia ... cervical problems causing me extreme headaches and extreme neck pain and ... aggravating the  the bowel and  and urinary problems." At no time did Brister suggest that the 2004 application dealt with a lower back injury, which was the basis for the disability claim in the 2003 application.
The hearing officer concluded that according to Department regulations, "the Social Security Administration's denial of [Brister's] disability is binding and must be relied upon by the Department, for a period of one year." The hearing officer was most likely relying upon that portion of the Department's "ESS Program Policy Manual" ("Policy Manual") that states "[i]f SSA has denied disability within the past year and the decision is under appeal with SSA ... [u]se the decision SSA has already rendered. The SSA denial stands while the case is pending appeal." Policy Manual § 1440.1204. Because the hearing officer believed Brister had appealed the 2003 denial, the hearing officer determined that "Department must await a decision of the appeal before any possible further action." The hearing officer's reliance on this portion of the Policy Manual, without considering the exceptions, as noted below, was error.
The Department's Policy Manual sets forth the guidelines which must be followed by the Department's staff in deciding whether applications for benefits are accepted or denied.[2] Chapter 1440 of the Policy Manual sets forth the technical requirements for SSI-related Medicaid determinations, and sections 1204 and 1205 explain when a disability determination must be made. Specifically, section 1440.1204 explains "State disability determinations for disability-related Medicaid applications must be done for all applicants ... unless" one of the enumerated situations is present. Policy Manual § 1440.1204 (emphasis added). Section 1440.1205 explains that the "state does not make a disability determination under the following conditions ... [w]hen the individual files an RFA [request for assistance] within 12 months after the last unfavorable disability determination by SSA, and the individual alleges no deterioration of the existing condition, or the individual alleges no new disabling condition (condition not considered by SSA)." Policy Manual § 1440.1205. Thus, in this case, the hearing officer's conclusion that no action could be taken by the Department within one year of a prior denial was error because allegations of new disability conditions were made.
The hearing officer also affirmed the denial of benefits because "there was no medical evidence submitted." Section 1440.1205 uses the term "alleges" when referring to applications for benefits related to new disabling conditions. In order for a "disability determination" to proceed past the application stage, the applicant only needs to "allege" a new disabling *1190 condition. Of course, in order to ultimately receive benefits, proof must be presented, but at the application stage, allegations are sufficient.[3] A federal regulation related to when the agency must forward an application for a disability determination supports this conclusion. See 42 C.F.R. 435.541. This regulation consistently uses the term "alleges" and does not use the terms "evidence" or "proof."[4] According to the plain language of the Policy Manual and the federal regulation, the Department erred in failing to submit the March 2004 application for a new disability determination.
Brister acknowledges that his ex-wife's refusal to participate disqualified him from family-related benefits, but argues the refusal does not compromise his SSI-related benefits. The hearing officer cited to Policy Manual section 2230.0404.07 which discusses the standard filing unit in applications for family-related Medicaid. This section is inapplicable to the issue on appeal. Chapter 2230 in the Policy Manual refers to family-related Medicaid and not to SSI-related Medicaid. As such, this particular reference is inapplicable in Brister's case and on remand should not be considered. Instead, the hearing officer should consider chapter 2240 as it applies to SSI-related Medicaid.
Reversed and Remanded.
GUNTHER, WARNER and POLEN, JJ., concur.
NOTES
[1] SSI stands for "Supplemental Security Income." See Economic Self-Sufficient Public Assistance Policy Manual, § 1030.0302.
[2] This court and others have relied upon the Policy Manual in deciding whether agency action was appropriate. See Thomas v. Fla. Dep't of Children & Families, 707 So.2d 954 (Fla. 4th DCA 1998); Kurnik v. Dep't of Health & Rehabilitative Servs., 661 So.2d 914 (Fla. 1st DCA 1995); see also § 409.919, Fla. Stat. (2005) ("The agency shall adopt any rules necessary to comply with or administer ss. 409.901-409.920 and all rules necessary to comply with federal requirements.").
[3] The applicant must eventually present proof of the disabling condition in order to receive benefits, but not until the Department helps the applicant retrieve his/her medical records and provides for independent medical examinations. See Policy Manual § 1040.0603 ("When hard copy evidence must be secured for medical information, the written requests for such information from doctors, clinics, and hospitals must be made on DCF letterhead or other approved department forms."); Policy Manual § 1040.0604 ("The [specialist] must make every effort to assist the applicant in obtaining certain medical information.").
[4] The regulation reads, in pertinent part:

The agency must make a determination of disability in accordance with the requirements of his section if any of the following circumstances exist:
* * *
(4) The individual applies for Medicaid as a non-cash recipient, whether or not the State has a section 1634 agreement with SSA, and 
(i) Alleges a disabling condition different from, or in addition to, that considered by SSA in making its determination; or
(ii) Alleges more than 12 months after the most recent SSA determination denying disability that his or her condition has changed or deteriorated since that SSA determination and alleges a new period of disability which meets the durational requirements of the Act, and has not applied to SSA for a determination with respect to these allegations.
(iii) Alleges less than 12 months after the most recent SSA determination denying disability that his or her condition has changed or deteriorated since that SSA determination, alleges a new period of disability which meets the durational requirements of the Act, and 
(A) Has applied to SSA for reconsideration or reopening of its disability decision and SSA refused to consider the new allegations; and/or
(B) He or she no longer meets the nondisability requirements for SSI but may meet the State's nondisability requirements for Medicaid eligibility.
42 C.F.R. 435.541(c)(4)(i)-(iii) (emphasis added).