BROWNING, J.
 

 Cynthia A. Chapman appeals a final order issued by Appellee, Florida Unemployment Appeals Commission, affirming the appeals referee’s determination that Chapman was not eligible for unemployment compensation benefits because she was not “able to work and available for work” within the meaning of the pertinent statutes and rule. Chapman, who was unrepresented by counsel in the administrative proceedings and is
 
 pro se
 
 in this Court, contends that she was wrongfully denied unemployment benefits without a satisfactory explanation. Because some of the referee’s factual grounds for finding Chapman ineligible for benefits are not supported by competent substantial evidence and we cannot discern from the order whether the referee would have drawn the same conclusions based on the fact-supported findings, we reverse the final order and remand for clarification.
 

 
 *718
 
 Chapman filed a claim for unemployment benefits effective December 9, 2007. The Agency for Workforce Innovation (AWI) mailed notices of determination to Chapman on January 8, 2008, stating that she was ineligible for unemployment benefits pursuant to chapter 443, Florida Statutes (2007), because she was able to work and available for work. The notices include the following explanation:
 

 The claimant is not available for work because of attending school during the customary work hours of the claimant’s occupation. Since the claimant’s school hours substantially restrict the claimant’s employability, the claimant lacks a genuine attachment to the labor market. The claimant’s work search record indicated an inadequate search for work. The claimant was not trying to become re-employed at the earliest possible time as required by law.
 

 Chapman appealed that decision, and a notice was filed setting a telephonic hearing on February 19, 2008, before an appeals referee. The sole issue for adjudication was whether Chapman was able to work and available for work pursuant to the applicable statutes and rule.
 
 See
 
 § 443.036(1), 443.036(6), and 443.09(l)(c), Fla. Stat. (2007); Rule 60BB-3.021, Fla. Admin. Code.
 

 The referee issued an order finding that Chapman was attending school and had “made a minimal search for employment.” The referee concluded that Chapman’s “restrictions on her availability and inadequate work search” did not evince “a realistic, current attachment to the labor market ... reflective of a true desire to become reemployed at the earliest possible date.” Noting that a claimant must be available for work each day of the customary work week, the referee determined that Chapman was unavailable for work and, thus, ineligible for unemployment benefits “until she makes an active search for employment.”
 

 Ability to Work and Availability for Work
 

 Chapter 443 sets out the criteria for determining whether a claimant is “able to work” and “available for work.” “ ‘Able to work’ means physically and mentally capable of performing the duties of the occupation in which work is being sought.” § 443.036(1), Fla. Stat. (2007). “ ‘Available for work’ means actively seeking and being ready and willing to accept suitable employment.” § 443.036(6), Fla. Stat. (2007);
 
 see McCormick v. Henry Koerber, Inc.,
 
 252 So.2d 599, 601-02 (Fla. 1st DCA 1971). Section 443.091(l)(c), Florida Statutes (2007), states that an unemployed person is eligible to receive benefits for any week only if the AWI finds that “[s]he or he is able to work and is available for work.” “The purpose of the availability prerequisite is to test the mental attitude of the unemployed individual as to the sincerity of his desire to procure work and the genuineness of his attachment to the labor market.”
 
 A.L. Teague v. Fla. Indus. Comm’n,
 
 104 So.2d 612, 615 (Fla. 2d DCA 1958). This provision authorizes the AWI to develop criteria to assess a claimant’s ability to work and availability for work during any claimed week of unemployment.
 
 See id.
 
 Rule 60BB-3.021, Florida Administrative Code, which was promulgated to set out these criteria, states:
 

 60BB-3.021. Determinations Regarding Claimant’s Ability to Work and Availability for Work.
 

 To be eligible for a claimed week of unemployment, a claimant must be:
 

 (1) Authorized to work in the United States; and
 

 (2) Able to work and available for work during the major portion of the claimant’s customary work week; and
 

 
 *719
 
 (3) Actively seeking work in a manner customary to the occupation in which work is being sought. Factors to be considered in determining whether the claimant has conducted an active work search are:
 

 (a) The number of job contacts made by the claimant and the dates the contacts were made; and
 

 (b) Whether the type of work being sought is reasonable considering the claimant’s background, training, abilities, and duration of employment; and
 

 (c) Whether the claimant possesses the necessary license, certification and tools to perform the type of work being sought; and
 

 (d) Whether the claimant is on a temporary layoff; and
 

 (e) Whether the claimant is on a seasonal layoff and resides in a geographical area in which no suitable off-season work prospects are available.
 

 (4) Free of unreasonable occupational restrictions regarding wages, hours, place and type of work in relation to the claimant’s training, experience, work history, and local labor market conditions.
 

 (5) Free of personal circumstances which would substantially limit or restrict the claimant from conducting an active work search or accepting an offer of suitable employment. Examples of such circumstances may include:
 

 (a) Attendance at school or a training course during customary work hours unless the claimant continues to actively seek work and is willing to change or forego classes or training that interfere[s] with the claimant’s ability to accept work
 

 (b) Absence from the local area unless the absence is for the primary purpose of seeking work or working; or
 

 (c)Domestic responsibilities and conditions which substantially interfere with the claimant’s ability to seek and accept suitable work.
 

 (6)For any period in which the claimant is participating in training approved by the Agency as provided in Section 443.091(l)(c)2., F.S., and Rule 60BB-3.022, F.A.C., the claimant is exempt from the requirements set forth in subsections (2) through (5) of this rule.
 

 Evidentiary Record
 

 Chapman, who was the only witness to testify at the hearing, gave sworn, essentially undisputed testimony regarding the circumstances surrounding her unemployment status and her job search. Soon after being laid off by her former employer, Citigroup, where she had performed clerical and customer service work for four years on an 8:45 A.M.-5:00 P.M. schedule, Chapman filed a telephonic claim for unemployment benefits. In December 2007, she started working for “temp services.” Chapman testified unequivocally that she had been physically able to work since filing her claim. She was taking courses in medical insurance billing and coding on-site at Everest University from 6:00 P.M. to 10:00 P.M. One month earlier, she had switched from afternoon classes. Her classes were to end the month after the hearing. She had decided to take the classes in a different field in an effort to qualify her for a more stable career rather than for just any 9:00 to 5:00 job.
 

 When she was asked whether she had contacted any prospective employers, Chapman answered that she had contacted two temp services, Randstad and Kelly, and provided them with her resume. She already was a client of the temp services, which had set up Chapman to work for her previous employer. She denied having yet received any documentation from the state
 
 *720
 
 advising her to send in a copy of her work search. Chapman did not keep a record of specifically when she had contacted the temp services. The arrangement with the temp services called for Chapman to contact them periodically and to keep them updated. The temp services agreed to call her if any prospective employment became available. Employment conditions were “slow” for the types of positions she was seeking, and Chapman had not received any job offers through the temp services since filing her claim.
 

 Chapman, who is solely responsible for the care and support of her four children, testified that she had filed a claim for unemployment benefits to have some money coming in while she sought new employment and improved her job skills
 
 through
 
 course work. Significantly, Chapman testified without qualification that she was actively seeking employment and could adjust her school work or quit school to accommodate full-time employment. No evidence was adduced to suggest that Chapman was participating in training approved by the AWI that would exempt her from the requirements of subsections (2)-(5) of the administrative rule.
 

 Application of the Law to the Facta
 

 The appeals referee relied on competent substantial evidence in the record demonstrating that Chapman was taking courses but could change her class schedule to accommodate an employment opportunity. While acknowledging that Chapman had registered with, and provided relevant information to, two temp services with which Chapman was familiar from her previous employment, the referee found that Chapman’s work search was minimal and not active. The referee’s conclusion appears to be based solely on Chapman’s attending school, unspecified “restrictions on her availability,” and the absence of any evidence that Chapman also had contacted prospective employers on her own rather than through the temp services.
 

 Contrary to Chapman’s testimony that she had not received any paperwork from the state requiring her to document her work search, the record on appeal includes an AWI pamphlet, paragraph 6 of which states that if the issue is whether the claimant is able to work and available to work (as it is in Chapman’s case), the claimant must send a copy of the woi'k search contact sheets to the Appeals Office before the hearing, including a job contact date, the method of contact, and the prospective employer’s name and address.
 

 The undisputed evidence adduced at the hearing is that Chapman is “able to work,” as contemplated in section 443.036(1), in that she is “physically and mentally capable of performing the duties of the occupation in which work is being sought.” Chapman asserted undisputedly that she has a flexible class schedule and is ready and willing to accept suitable full-time employment when it becomes available. Thus, the only statutory basis for the referee to have found that Chapman is not “available for work” is that she has conducted a minimal search and is not “actively seeking” suitable employment.
 
 See
 
 § 443.091(l)(c), Fla. Stat. (2007); Rule 60BB-3.021(3), Fla. Admin. Code.
 

 Of the five enumerated factors in rule subsections (3)(a)-(e) relevant to the instant facts in determining whether Chapman has pursued an active work search, the referee’s findings indicate that subsections (3)(a) (referring to the number of job contacts made by the claimant and the dates of those contacts), (4) (referring to the claimant’s freedom from “unreasonable occupational restrictions”), and (5)(a) (referring to the claimant’s freedom from substantially limiting personal circumstances such as school attendance or train
 
 *721
 
 ing courses during customary work hours) are the only ones on which the referee relied in finding Chapman ineligible for unemployment benefits.
 

 The claimant has the burden to prove eligibility for benefits, including availability for work.
 
 See Fla. Indus. Comm’n v. Ciarlante,
 
 84 So.2d 1, 5 (Fla.1955). In unemployment compensation appeals, we review findings of fact to determine whether they are supported by competent substantial evidence.
 
 See id.
 
 at 3. We review
 
 de novo
 
 whether the appeals referee and Appellee/Commission correctly applied the law to the essentially uncontested facts supported by the record.
 
 See Brister v. Dep’t of Children & Families,
 
 906 So.2d 1187, 1188 (Fla. 4th DCA 2005). We are mindful, however, that Appel-lee/Commission’s interpretation of the unemployment compensation benefits statutes, which it is legislatively empowered to administer, is “entitled to great weight,” meaning that Appellee/Commission’s interpretation will not be overturned unless it is clearly erroneous.
 
 See Dep’t of Ins. v. S.E. Volusia Hosp. Dist.,
 
 438 So.2d 815, 820 (Fla.1983);
 
 Cargill, Inc. v. Hill,
 
 503 So.2d 1340, 1342 (Fla. 1st DCA 1987).
 

 Given the unrefuted record presented to the appeals referee demonstrating Chapman’s flexible class schedule and willingness to work, we find no competent substantial evidence indicating that Chairman’s attending evening classes to broaden her training skills substantially limited or unduly restricted her ability to conduct an active work search. Therefore, subsection (4) of the rule is not a proper basis for denying Chapman’s eligibility. Likewise, no competent substantial evidence supports subsection (5)(a) as a proper basis, given the flexibility of Chapman’s course schedule. Even if we assume, without having to decide, that the, statutes and rule require a claimant who registers with two temp services also to conduct an active work search on her own, it is unclear from this record whether the appeals referee would have found Chapman ineligible for unemployment benefits based solely on her failure to provide the state with documentation of her job contacts and the dates of those contacts. Thus, we cannot affirm the final order based on the reasoning of the “tipsy coachman” rule that the finder of fact reached the right result, albeit for the wrong reasons.
 
 See Malu v. Sec. Nat’l Ins. Co.,
 
 898 So.2d 69, 73 (Fla.2005). We are constrained to reverse Appel-lee/Commission’s final order and remand with instructions to the appeals referee to make findings based solely on the evidence in the record.
 

 REVERSED and REMANDED with instructions.
 

 HAWKES, C.J., and VAN NORTWICK, J., concur.