PER CURIAM.
 

 Greg Grell, Appellant, appeals from a final order issued by the Unemployment Appeals Commission (“UAC”) affirming in part and reversing in part an appeals referee’s determination that Appellant was ineligible for benefits for a specified time period. Because Appellant presented undisputed evidence supporting an award of benefits for the entire period, and the referee’s findings explaining the denial of benefits are not supported by competent, substantial evidence, the basis for the referee’s decision is unclear. Accordingly, we reverse the portion of the UAC’s order affirming the denial of benefits and remand for clarification.
 

 On July 2, 2009, Appellant quit his job as a facility maintenance lead at the V & W Warehouse for Schenker Logistics for health reasons. He filed for unemployment compensation benefits, and the Florida Agency for Workforce Innovation initially denied his claim, stating that he was “unable to work due to illness” and that he was “not able and available for work as required by law.” He appealed.
 

 At a hearing before an appeals referee on September 14, 2009, Appellant, the sole witness, testified as follows. In the past, Appellant worked in the automotive industry as a technician, in the customer service department, and in the parts department. After quitting his job at V & W Warehouse, Appellant “registered with quite a number of different job services,” searching for at least two or three jobs per week. Appellant was looking for work that he
 
 *203
 
 thought he was capable of doing “outside of the actual physical work” he had done in his previous position. His medical condition prevented him from “being up on [his] feet all day.” In particular, Appellant was looking for an “office or desk type job.” He indicated that he could do “computer work” and “paperwork.” Appellant testified that he had not had any restrictions placed on him by a physician.
 

 Appellant could not produce a physical job log. He explained that he had registered online and mistakenly thought the websites where he registered would maintain a record. Once Appellant realized that the websites did not keep such records, he began writing down the names of the places where he applied. However, he could not remember the names of all the places where he applied. The referee informed Appellant that she would review the records he had maintained of the specific places where he had applied and determine his eligibility for benefits based on those records. Appellant then named four different automotive companies where he applied during the two-week period immediately preceding the hearing.
 

 The referee issued a decision with the following findings of fact and conclusions of law:
 

 Findings of Fact: The claimant worked as a maintenance lead, and has worked in automotive maintenance. The claimant has not performed any other type of work. The claimant last worked on July 2, 2009[.][T]he claimant underwent a series of surgeries on his feet, knees and shoulders that have limited his ability to perform the duties of the claimant’s customary position. The claimant applied for unemployment compensation benefits effective July 5, 2009, and was expected to make at least two job contacts per week. The claimant presented testimony of two or more job contacts for only one week since becoming unemployed, the week of September 8, 2009. Howeverf,] at least two of the jobs to which the claimant applied involve activities similar to the claimant’s customary line of employment, and would require the claimant to perform many of the same tasks. The claimant has seen a physician regarding his injuries, but does not have any documentation to show his ability to return to his regular occupation.
 

 Conclusions of Law: The regulations of the Agency provide that to be considered available for work, a claimant must be ready and willing to accept suitable employment. In addition, the claimant must be applying for work with prospective employers without undue restrictions that lessen the chance of becoming reemployed at the earliest possible time. The record and evidence in this case show that the claimant is not able and available for work. The claimant has experience in only one occupation but has not been able to return to that occupation. As well, the claimant did consult a physician, but did not receive any clearance for his medical condition. Therefore, it is concluded that the claimant is not able and available for work within the meaning of the law.
 

 Ultimately, the referee determined that Appellant was not eligible for benefits for the period from July 5, 2009, through September 14, 2009, because he was not “able and available for work.” Appellant appealed to the UAC.
 

 The UAC concluded that the findings explaining the referee’s decision to deny benefits for the weeks ending September 5, 2009, and September 12, 2009, were not supported by competent, substantial evidence. Specifically, the UAC found that even though Appellant had medical conditions that prevented him from working at
 
 *204
 
 his previous employment, such conditions did not preclude his application to similar positions if reasonable accommodations could be made to permit such employment. Additionally, the UAC observed that Appellant had made two job contacts per week for the weeks ending September 5, 2009, and September 12, 2009. Accordingly, the UAC held that Appellant was able to work and available for work during those two weeks. For this reason, the UAC reversed the referee’s denial of benefits as to that period. However, the UAC affirmed the referee’s findings that Appellant was ineligible for receipt of benefits for the week ending July 11, 2009, through the week ending August 29, 2009. Appellant now appeals the UAC’s affirmation of the denial of benefits during those weeks.
 

 This Court reviews an appeals referee’s factual findings to determine whether they are supported by competent, substantial evidence in the record.
 
 See Howell & O’Neal v. Fla. Unemployment Appeals Comm’n,
 
 934 So.2d 570, 571 (Fla. 1st DCA 2006). However, we review de novo whether the appeals referee and the UAC correctly applied the law.
 
 Chapman v. Fla. Unemployment Appeals Comm’n,
 
 15 So.3d 716, 721 (Fla. 1st DCA 2009). At the same time, we are mindful that the UAC’s interpretation of the unemployment benefits statutes is entitled to great weight and will not be overturned unless clearly erroneous.
 
 Id.
 

 Section 443.091(l)(c), Florida Statutes (2009), provides that, to be eligible to receive unemployment compensation benefits, a claimant must be “able to work” and “available for work.” A claimant has the burden to prove he or she is able and available to work within the meaning of Chapter 443.
 
 Chapman,
 
 15 So.3d at 721. Further, section 443.036(1), Florida Statutes (2009), provides that “able to work means physically and mentally capable of performing the duties of the occupation in which work is being sought,” and section 443.036(6), Florida Statutes (2009), provides that “available for work means actively seeking and being ready and willing to accept suitable employment.”
 

 Section 443.091(l)(c) gives the Agency for Workforce Innovation the authority to develop criteria to determine a claimant’s ability to work and availability to work.
 
 Id.
 
 Florida Administrative Code Rule 60BB-3.021, which was promulgated for this purpose, provides in pertinent part as follows:
 

 To be eligible for a claimed week of unemployment, a claimant must be:
 

 (1) Authorized to work in the United States; and
 

 (2) Able to work and available for work during the major portion of the claimant’s customary work week; and
 

 (3) Actively seeking work in a manner customary to the occupation in which work is being sought. Factors to be considered in determining whether the claimant has conducted an active work search are:
 

 (a) The number of job contacts made by the claimant and the dates the contacts were made; and
 

 (b) Whether the type of work being sought is reasonable considering the claimant’s background, training, abilities, and duration of unemployment;
 

 [[Image here]]
 

 (4) Free of unreasonable occupational restrictions regarding wages, hours, place and type of work in relation to the claimant’s training, experience, work history, and local labor market conditions.
 

 (5) Free of personal circumstances which would substantially limit or restrict the claimant from conducting an
 
 *205
 
 active work search or accepting an offer of suitable employment....
 

 We have located no statute or rule imposing a strict requirement that a claimant file a written job log specifying the jobs to which he or she has applied, and the UAC has not cited one. The rule most on point is Florida Administrative Code Rule 60BB-3.015(2)(e), which provides as follows:
 

 At any time during the pendency of any claim for benefits, the Agency may make a written request for information or documentation from the claimant regarding any question whose resolution is necessary to ascertain the claimant’s entitlement to benefits or the amount of any such benefits. The failure of the claimant to respond will result in a determination made from the available evidence.
 

 Even this rule, however, does not specifically provide for disqualification based solely on the absence of a job log.
 
 See
 
 Fla. Admin. Code R. 60BB-3.015(2)(e). Generally, a referee may accept a claimant’s testimony alone as competent, substantial evidence to support a finding.
 
 See Anderson v. Unemployment Appeals Comm’n,
 
 822 So.2d 563, 567 n. 4 (Fla. 5th DCA 2002). Therefore, the “available evidence” may include a claimant’s oral testimony regarding his job search. Whether such evidence is credible is, of course, within the province of the appeals referee to decide.
 
 See Howell & O’Neal,
 
 934 So.2d at 575 (observing that this Court cannot make credibility determinations or substitute its judgment for that of the referee);
 
 cf. Chapman,
 
 15 So.3d at 721 (reversing and remanding for findings where it was unclear whether the referee would have denied benefits “based solely on [the claimant’s] failure to provide the state with documentation of her job contacts and the dates of those contacts”).
 

 On the record before us, we are unable to determine whether the referee’s basis for denying Appellant benefits for the week ending July 11, 2009, through the week ending August 29, 2009, was legitimate. Notably, the referee did not make a credibility determination regarding Appellant’s testimony about his job search. When combined with the fact that many of the referee’s 'findings lack evidentiary support, this shortcoming precludes meaningful review.
 

 Most of the referee’s order relates to Appellant’s ability to work. First, the order incorrectly states that Appellant has only performed one type of work. There is no evidence in the record to support this finding. The referee’s order also incorrectly suggests that Appellant had been placed on medical restrictions by a physician. Although Appellant testified that his medical condition prevented him from taking a job that required him to be on his feet all day, there was no testimony that a doctor had restricted Appellant from performing the type of work he sought. Thus, the referee’s ultimate finding that Appellant was not able to work was not supported by competent, substantial evidence.
 

 The remaining findings relate to Appellant’s availability to work. The referee found that Appellant presented testimony of two or more job contacts for only one week, but that finding was properly rejected by the UAC, along with the finding that the jobs Appellant applied for during that time were unsuitable. The referee’s order is silent as to the suitability of Appellant’s job search for the remaining weeks. Although Appellant did not provide a written job search log, he did testify that he had applied for two or three jobs per week, that he registered with a number of job search websites, and that he was seeking work that he was capable of performing
 
 *206
 
 based on his past experience and consistent with his physical limitations. The referee did not indicate whether she found this testimony credible. Based on the referee’s unexplained decision not to credit Appellant’s testimony concerning his applications for unspecified jobs, it appears that she may have been operating under the erroneous assumption that she was precluded from doing so. Because the referee did not address Appellant’s testimony concerning his search for the week ending July 5, 2009, through the week ending August 29, 2009, our review is hampered. Because this Court will not “evaluate and weigh the evidence produced below,”
 
 University of Miami v. West,
 
 8 So.3d 1193, 1194 (Fla. 1st DCA 2009) (quoting
 
 Allen v. Protel, Inc.,
 
 852 So.2d 916, 921 (Fla. 1st DCA 2003)), we must reverse the portion of the UAC’s order affirming the denial of benefits and remand for further proceedings consistent with this opinion. The unchallenged portion of the UAC’s order is, of course, affirmed.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 HAWKES, C.J., BENTON and LEWIS, JJ., concur.