WARNER, J.
 

 Olin Carilus appeals from the Corrected Order of the Unemployment Appeals Commission affirming the appeals referee’s decision which denied him benefits and held that Carilus was not “able and available for work,” because he had not conducted an adequate job search. Because the referee based her decision on his failure to keep a job search log, which is not a requirement by statute or rule, we reverse.
 

 At a hearing on Carilus’s claim for benefits after having been terminated from his employment with a convenience store, the referee quizzed Carilus about whether he had searched for another job. Carilus recounted several contacts he had made. The referee then asked him the following:
 

 REFEREE: Mr. Carilus, do you understand that as part of your job search requirement you need to keep a record of where you search for work so that in times of hearing like this you can produce it quickly and efficiently? Have you been keeping a record of your job searches?
 

 CARILUS: I was — I was unaware of that, and I did not do that.
 

 Based upon the testimony the referee made a finding of fact that Carilus “did not keep a job search record as instructed by the Agency for the weeks of March 15, 2009, through May 28, 2009.” To be considered “available for work” within the
 
 *655
 
 meaning of section 443.036(6), Florida Statutes, the claimant was required to show that he was “actively seeking and being ready and willing to accept suitable employment.” The referee concluded that:
 

 The claimant did not provide an adequate search for employment and was aware of the job search requirement. The burden of proof to establish eligibility for benefits rests with the person claiming benefits.
 
 Florida Ind. Com. v. Ciarlante,
 
 84 So.2d 1 (Fla.1955).
 

 As a result, Carilus was found to be ineligible for benefits for the weeks March 15, 2009 through the date of the hearing of May 28, 2009. He was required to refund overpayments made to him. Carilus appealed the referee’s decision to the Unemployment Appeals Commission which affirmed the referee’s order. Carilus appeals to this court.
 

 The issue of the requirement of a job search log was addressed recently in
 
 Grell v. Florida Unemployment Appeals Commission,
 
 44 So.3d 201, 205 (Fla. 1st DCA 2010). The court said:
 

 We have located no statute or rule imposing a strict requirement that a claimant file a written job log specifying the jobs to which he or she has applied, and the UAC has not cited one. The rule most on point is Florida Administrative Code Rule 60BB-3.015(2)(e), which provides as follows:
 

 At any time during the pendency of any claim for benefits, the Agency may make a written request for information or documentation from the claimant regarding any question whose resolution is necessary to ascertain the claimant’s entitlement to benefits or the amount of any such benefits. The failure of the claimant to respond will result in a determination made from the available evidence. Even this rule, however, does not specifically provide for disqualification based solely on the absence of a job log.
 
 See
 
 Fla. Admin. Code R. 60BB-3.015(2)(e). Generally, a referee may accept a claimant’s testimony alone as competent, substantial evidence to support a finding.
 
 See Anderson v. Unemployment Appeals Comm’n,
 
 822 So.2d 563, 567 n. 4 (Fla. 5th DCA 2002). Therefore, the “available evidence” may include a claimant’s oral testimony regarding his job search. Whether such evidence is credible is, of course, within the province of the appeals referee to decide.
 
 See Howell & O’Neal,
 
 934 So.2d at 575 (observing that this Court cannot make credibility determinations or substitute its judgment for that of the referee);
 
 cf. Chapman,
 
 15 So.3d at 721 (reversing and remanding for findings where it was unclear whether the referee would have denied benefits “based solely on [the claimant’s] failure to provide the state with documentation of her job contacts and the dates of those contacts”).
 

 We agree with the First District’s conclusion that a job search log is not required and that the referee must determine the case on available evidence, including the claimant’s oral testimony regarding his job search. In this case, Carilus testified as to his job search, but the referee made no credibility decision, concluding that because there was no written job search record, Carilus had not carried his burden of proof. Because the referee based her determination on a legally incorrect basis, we reverse and remand for further proceedings.
 

 POLEN and STEVENSON, JJ., concur.