SAWAYA, J.
 

 Jennifer Aguirre appeals a final order issued by the Unemployment Appeals Commission (the Commission) affirming an unemployment compensation appeals referee’s determination that Aguirre was ineligible for unemployment benefits because she failed to provide specific information to show she was conducting an active work search while she was receiving benefits. Because Aguirre’s testimony of her diligent job search was adequate to support her claim that she had actively sought employment and was available for work while she was receiving unemployment benefits, we reverse.
 

 At a hearing on Aguirre’s claim for benefits, Aguirre testified that she engaged in an extensive job search. She revealed that she made job contacts every week and that she sent her resume out to hundreds of employers. In particular, Aguirre testified that she sent resumes to “Florida Hospital, Orlando Regional Healthcare Systems[,] ... healthcare recruitment companies, [and] individual private care doctors.” She further stated, “I literally sent my resume out probably ten times a day.” The referee questioned her about whether she had kept a record of her job search, and she testified that she had not. The transcript of the hearing reveals that Aguirre was caught by surprise at that request. She stated that she was never notified that she had to provide the specific dates each application was made or how many were submitted each week. The referee found that Aguirre “failed to provide specific information to show she was conducting an active work search” and concluded that Aguirre was ineligible for benefits. The Commission affirmed the referee’s determination of ineligibility. As a result, Aguirre was to repay a certain amount of benefits she was overpaid.
 

 The court in
 
 Grell v. Florida Unemployment Appeals Commission,
 
 44 So.3d 201, 205 (Fla. 1st DCA 2010), addressed the issue of the requirement of a job search record or log. The court explained:
 

 We have located no statute or rule imposing a strict requirement that a claimant file a written job log specifying the jobs to which he or she has applied, and the UAC has not cited one. The rule most on point is Florida Administrative Code Rule 60BB-3.015(2)(e), which provides as follows:
 

 At any time during the pendency of any claim for benefits, the Agency may make a written request for information or documentation from the claimant regarding any question whose resolution is necessary to ascertain the claimant’s entitlement to benefits or the amount of any such benefits. The failure of the claimant to respond will result in a determination made from the available evidence.
 

 Even this rule, however, does not specifically provide for disqualification based solely on the absence of a job log.
 
 See
 
 Fla. Admin. Code R. 60BB-3.015(2)(e). Generally, a referee may accept a claimant’s testimony alone as competent, sub
 
 *406
 
 stantial evidence to support a finding.
 
 See Anderson v. Unemployment Appeals Comm’n,
 
 822 So.2d 563, 567 n. 4 (Fla. 5th DCA 2002). Therefore, the “available evidence” may include a claimant’s oral testimony regarding his job search. Whether such evidence is credible is, of course, within the province of the appeals referee to decide.
 
 See Howell & O’Neal,
 
 934 So.2d at 575 (observing that this Court cannot make credibility determinations or substitute its judgment for that of the referee);
 
 cf. Chapman,
 
 15 So.3d at 721 (reversing and remanding for findings where it was unclear whether the referee would have denied benefits “based solely on [the claimant’s] failure to provide the state with documentation of her job contacts and the dates of those contacts”).
 

 Id.
 
 at 205;
 
 see also Carilus v. Unemployment Appeals Comm’n,
 
 51 So.3d 653, 655 (Fla. 4th DCA 2011) (“We agree with the First District’s conclusion [in
 
 Grell
 
 ] that a job search log is not required and that the referee must determine the case on available evidence, including the claimant’s oral testimony regarding his job search.”). We agree with the analysis in
 
 Carilus
 
 and
 
 Grell.
 

 In the instant case, Aguirre testified that she made a diligent job search and that she was available for work. Both
 
 Carilus
 
 and
 
 Grell
 
 indicate that testimony that a claimant has submitted multiple resumes to employers providing employment reasonably suited to the claimant’s skills and experience each week is sufficient evidence of a job search. The Commission contends, however, that even if Aguirre sent out multiple resumes every day, she did not meet her burden of showing eligibility for benefits because she did not testify as to the specific date that she sent a resume to each employer. In essence, the Commission contends that it can require the testimony of the claimant to reveal the same information that would be kept in a written job search log or record. While the Commission may consider the number of job contacts made by a claimant and the dates those contacts were made,
 
 see
 
 Fla. Admin. Code R. 60BB-3.021(3)(a), this rule does not impose a strict requirement that the claimant present information that specific in order to prevail on a claim for benefits.
 
 Carilus; Grell.
 
 Moreover, if such a strict requirement is to be imposed on claimants, they should be properly notified in advance so they are not caught by surprise like Aguirre was in the instant case.
 

 Although a job search record or log is not required, it appears from the record that the referee’s decision was based on Aguirre’s failure to have made one and to testify to the information kept in that record. We believe this is a legally incorrect basis to deny her claim for benefits. Aguirre’s testimony was sufficient to demonstrate that she made an adequate number of job contacts while she was receiving benefits, which is the pertinent determination under Rule 60BB-3.021(3)(a). Accordingly, we reverse the order under review and remand this case for entry of an order awarding Aguirre benefits.
 

 REVERSED and REMANDED.
 

 LAWSON and JACOBUS, JJ., concur.