PER CURIAM.
 

 Leighann Lightsey Marsocci appeals an order of the Unemployment Appeals Commission (UAC) affirming an appeals referee’s order that found Ms. Marsocci disqualified for unemployment benefits from July 4, 2010, through September 10, 2010, because she was not able and available for work. Because we find that some of the appeals referee’s findings are not supported by competent, substantial evidence, we reverse and remand for clarification.
 

 At the hearing before the appeals referee on September 10, 2010, Ms. Marsocci testified that she filed a claim for unemployment benefits effective July 4, 2010, after she lost her full-time job as a medical assistant. When asked if she was looking for full-time or part-time work, she first answered “part time,” but then immediately stated, “[e]ither/or, whichever I can find I will take.” She also testified that nothing had kept her from looking for work, that if offered a full-time position she would be able to accept it, and that she had made seven job contacts since July 4 and had searched the internet for available positions.
 

 
 *28
 
 The appeals referee made findings of fact that Ms. Marsocci made at least seven part-time job contacts. But the referee then concluded that Ms. Marsocci “failed to show a genuine attachment to the labor market by testifying to a limited work search,” and that she was not able and available for work as defined by statute. The UAC affirmed the referee’s order. The appeals referee made no mention of her uncontradicted testimony of searching the internet for jobs in Okeechobee County-
 

 To be eligible to receive unemployment benefits in any week, a claimant must show, among other requirements, that she is “able to work and is available for work.” § 443.091(l)(d), Fla. Stat. (2010). “Able to work” means “physically and mentally capable of performing the duties of the occupation in which work is being sought.” § 443.036(1), Fla. Stat. (2010). “Available for work” means “actively seeking and being ready and willing to accept suitable employment.” § 443.036(6), Fla. Stat. (2010). Florida Administrative Code Rule 60BB-3.021 sets out relevant criteria in determining whether a claimant is able and available for work:
 

 To be eligible for a claimed week of unemployment, a claimant must be:
 

 (1) Authorized to work in the United States; and
 

 (2) Able to work and available for work during the major portion of the claimant’s customary work week; and
 

 (3) Actively seeking work in a manner customary to the occupation in which work is being sought. Factors to be considered in determining whether the claimant has conducted an active work search are:
 

 (a)The number of job contacts made by the claimant and the dates the contacts were made; and
 

 (b) Whether the type of work being sought is reasonable considering the claimant’s background, training, abilities, and duration of unemployment; and
 

 (c) Whether the claimant possesses the necessary license, certification and tools to perform the type of work being sought; and
 

 (d) Whether the claimant is on a temporary layoff; and
 

 (e) Whether the claimant is on a seasonal layoff and resides in a geographical area in which no suitable off-season work prospects are available.
 

 (4) Free of unreasonable occupational restrictions regarding wages, hours, place and type of work in relation to the claimant’s training, experience, work history, and local labor market conditions.
 

 (5) Free of personal circumstances which would substantially limit or restrict the claimant from conducting an active work search or accepting an offer of suitable work. Examples of such circumstances include:
 

 (a) Attendance at school or a training course during customary work hours unless the claimant continues to actively seek work and is willing to change or forego classes or training that interfere with the claimant’s ability to accept work;
 

 (b) Absence from the local area unless the absence is for the primary purpose of seeking work or working; or
 

 (c) Domestic responsibilities and conditions which substantially interfere with the claimant’s ability to seek and accept suitable work.
 

 In the present case, there was no evidence that Ms. Marsocci was not able to work, as defined by statute. Additionally, Ms. Marsocci testified that nothing had
 
 *29
 
 prevented her from looking for work and that she was able to accept a full-time job. Given this testimony, the appeals referee could have only statutorily denied her benefits if it found that she was not actively seeking work or that she placed unreasonable restrictions regarding hours on her search.
 
 See
 
 Fla. Admin. Code R. 60BB-3.021(3)-(4). To this end, the referee’s finding that Ms. Marsocci only made job contacts for part-time work is not supported by competent, substantial evidence. Ms. Marsocci testified that she was searching for either part-time or full-time work, and she did not expressly state whether her job contacts were for part-time or full-time positions. Without this finding, there is no evidence to support a finding that Ms. Marsocci placed unreasonable restrictions on her work search.
 
 See
 
 Fla. Admin. Code R. 60BB-3.02K4).
 

 We reverse the UAC’s order and remand with instructions to make findings based solely on the evidence in the record.
 
 See Chapman v. Fla. Unemployment Appeals Comm’n,
 
 15 So.3d 716, 717 (Fla. 1st DCA 2009) (“Because some of the referee’s factual grounds for finding Chapman ineligible for benefits are not supported by competent substantial evidence and we cannot discern from the order whether the referee would have drawn the same conclusions based on the fact-supported findings, we reverse the final order and remand for clarification.”).
 

 Reversed and remanded.
 

 BENTON, C.J., VAN NORTWICK, and SWANSON, JJ., concur.