BENTON, C.J.
 

 Glenn Tourelle appeals a decision of the Unemployment Appeals Commission (UAC) affirming an appeals referee’s determination that Mr. Tourelle was overpaid $787 in unemployment benefits. Because he failed to establish eligibility to receive benefits for the periods at issue, we affirm.
 

 After he lost his job, Mr. Tourelle filed a claim for unemployment benefits in 2008. Despite subsequent employment on a part-time basis from December 8, 2009, through April 20, 2010, he received certain benefits based on his reports of reduced weekly earnings. “An individual is ‘partially unemployed’ in any week of less than full-time work if the earned income payable to him or her for that week is less than his or her weekly benefit amount.” § 443.036(43)(a), Fla. Stat. (2009).
 

 In November of 2010, the Agency for Workforce Innovation (AWI) notified him that payroll information submitted by his part-time employer did not agree with the earnings information he had reported for certain weeks between the dates of February 6, 2010, and April 24, 2010, and that it appeared he had been overpaid unemployment benefits. Both AWI notices stated that Mr. Tourelle had been advised when filing his initial claim “to report all earnings in the week they are earned.”
 

 Mr. Tourelle responded that he had difficulty reporting his earnings because the bi-weekly pay period utilized by the part-time employer did not correspond with the unemployment compensation benefits weekly reporting period, and that he “continually had to estimate” his earnings. He submitted pay stubs reflecting his bi-weekly earnings for January 20 through March 30, 2010. When AWI subsequently issued notices of determination, indicating he was required to repay a total overpayment of $788 ($638 in extended benefits and $150 in stimulus benefits), Mr. Tourelle appealed the determination.
 

 During the hearing before the appeals referee, a representative of the part-time employer testified that the employer’s submission correctly set forth Mr. Tourelle’s pay. When asked if the employer’s exhibit correctly indicated his gross pay for the period of March 31 through April 24, 2010 (the period for which Mr. Tourelle had not submitted pay stubs), Mr. Tourelle testified that he did not have those pay stubs and did not know how many hours he had worked during those pay periods, but had no reason to disagree with the amounts. He also testified that he did the best he could to report his earnings accurately, but again explained that the employer’s pay period was different from the reporting period for unemployment benefits.
 

 Because the employer and Mr. Tourelle only provided gross earned income for biweekly periods (beginning on Wednesday and ending on Tuesday), the appeals referee divided the biweekly earnings in half to determine weekly earnings. Based on these calculated amounts, the appeals referee found that Mr. Tourelle received earned income in excess of his weekly benefit amount for several weeks and had been overpaid $787 in benefits as a result. Mr. Tourelle timely appealed the decision
 
 *447
 
 to the UAC, which affirmed the decision of the appeals referee.
 

 “Each eligible individual who is partially unemployed in any week is paid for the week a benefit equal to her or his weekly benefit less that part of the earned income, if any, payable to her or him for the week which is in excess of 8 times the federal hourly minimum wage.” § 443.111(4)(b), Fla. Stat. (2009). “Week” means “a period of 7 consecutive days as defined in the rules of the Agency for Workforce Innovation.” § 443.036(45), Fla. Stat. (2009). “Week” is further defined as “the seven calendar day period from Sunday through Saturday.” Fla. Admin. Code R. 60BB-3.011(16).
 

 Mr. Tourelle had the burden to establish he was entitled to benefits based on his earnings for weekly periods covering Sunday through Saturday, as set forth by rule, for each benefit period at issue. The general rule is that the claimant has the burden to prove eligibility for unemployment benefits.
 
 See Chapman v. Fla. Unemployment Appeals Comm’n,
 
 15 So.3d 716, 721 (Fla. 1st DCA 2009) (noting the claimant has the burden to prove eligibility for benefits, including availability for work);
 
 His Kids Daycare v. Fla. Unemployment Appeals Comm’n,
 
 904 So.2d 477, 479 (Fla. 1st DCA 2005) (“A claimant has the burden to prove he or she has met the statutory eligibility requirements for unemployment compensation”).
 

 Mr. Tourelle asserted only that he had difficulty accurately reporting his earnings for weekly periods covering Sunday through Saturday because the part-time employer utilized a different period for calculating his paychecks. He did not testify before the appeals referee (although he does assert on appeal) that there were many weeks that he worked, yet earned less than his weekly benefit amount. As a technical matter, the issue is not even preserved.
 
 See Jaffe v. Endure-A-Life Time Awning Sales, Inc.,
 
 98 So.2d 77, 79 (Fla.1957).
 

 A claimant “must report in the manner prescribed by the Agency for Workforce Innovation” and must “continue to report at least biweekly ... to attest to the fact that she or he is able and available for work, has not refused suitable work, is seeking work, and, if she or he has worked, to report earnings from that work.” § 443.111(l)(b), Fla. Stat. (2009). Section 443.091(1), Florida Statutes (2009), provides that an unemployed individual is eligible to receive weekly benefits only if he has made a claim for benefits for that week in accordance with the rules adopted by the AWI. Because Mr. Tourelle failed to report his weekly earnings in the manner required by statute and rule (or to prove that he would have been entitled to receive benefits for any period at issue had his earnings been correctly reported), we approve the order on appeal.
 

 Affirmed.
 

 VAN NORTWTCK and SWANSON, JJ., concur.